## RAKE'S ADM'R, v. POPE.

1. That provision of the statute of frauds, which declares that a defendant shall not be charged " upon any agreement which is not to be performed within the space of one year from the making thereof;" unless the promise or agreement, or some memorandum or note thereof, shall be in writing, signed, &c. does not apply to a contract wholly executed on one side, and where nothing remains to be done on the other, but to pay the money stipulated as an equivalent: and this although by the agreement, the money was not to be paid until after the expiration of the year.

2. A plea which affirms that the contract for the breach of which the action is brought was not seriously entered into, and if was, it was not intended to be operative, is not obnoxious to the objection of being argumentative.

21

3. *Semble*—the plaintiff cannot object on general demurrer that a plea is argumentative, or that it amounts to the general issue ; according to the English practice he should demur specially.

4. Where the defendant pleads two pleas, each of which tolerates the admission of the same evidence, if a demurrer is improperly sustained to one, the judgment will not be reversed on error, because the error could not possibly work an injury.

5. Where the defendant relies upon the adjudication of the matters in controversy in a former suit, as a bar to the action, he is not confined in his defence to proof by the record alone, but he may show by extrinsic proof what particular matters were litigated between the parties, provided the matters were within the issue tried in that suit.

6. The plaintiff brought his action, as alledged in the declaration, for the recovery of the last of three instalments, agreed to be paid as the purchase money, for certain property sold to the defendant by him : it was pleaded by the defendant that the plaintiff had previously sued him for the two former instalments, and that he had defeated a recovery, upon proof that the contract sought to be enforced had never been entered into by him : *Held*—that the plea was good, and if supported by proof entitled the defendant to a verdict and judgment.

Writ of error to the Circuit Court of St. Clair.

THIS was an action of assumpsit brought by the intestate of the plaintiff in error against the defendant, for the recovery of the price of a stallion, (named Cicero,) which he had previously sold and delivered to him. The declaration contains five counts, in some of which, the sum of two thousand dollars, is alledged to be the last instalment of the purchase money sought to be recovered ; in others, five thousand dollars is alledged to be the price, and this sum the plaintiff claims.

The defendant pleaded 1. *Non assumpsit.* The 2d, 3d, 4th and 5th pleas, each, specially alledge with some immaterial variations, that the intestate had before impleaded the defendant for the non-performance of the identical promises and assumptions in his declaration mentioned ; that an issue was made up involving the fact and validity of these promises and assumptions ; that a trial thereof was had by a jury, who returned a verdict in favor of the defendant, and judgment was rendered thereupon, that the defendant go hence and recover of the plaintiff his costs. This judgment it is averred is in full force, not in any manner reversed, &c. 6. This plea denies that such sale as is alledged in the plaintiff's declaration, was made seriously and in earnest, and avers that if any sale was in fact made, it was a mere sham, not intended

to be binding between the parties, &c. The plaintiff demurred to the 2d, 3d, 4th, 5th and 6th pleas, and his demurrers were overruled.

Issues were joined on the first and sixth pleas: the plaintiff replied to the second, third, fourth and fifth, denying that the cause of action heretofore tried, was identical with that now sought to be enforced. To these replications the defendant demurred, but his demurrers were overruled; thereupon issues were joined, and the cause submitted to the jury, who returned a verdict in favor of the defendant, and judgment was rendered accordingly.

On the trial the plaintiff excepted to the ruling of the Circuit Judge. It appears that there was proof tending to show, that in October, 1837, the intestate sold and delivered to the defendant the stallion described in the declaration ; for which the defendant promised to pay him five thousand dollars, as follows, viz.: One thousand on the 25th December, 1837; two thousand on the 25th December, 1838; and two thousand on the 25th December, 1839. This contract was merely verbal, no note or memorandum in writing being made thereof. There was also proof tending to show that there was no contract between the parties, but the whole matter was a sham.

There was also proof that an action had been commenced, prosecuted and determined in Benton county upon the contract in question. That the special counts in the declaration filed in that case, were for the recovery of the first two instalments —the third not being due when the action was commenced. The common counts however were literal copies of those contained in the declaration in the present case. That cause was tried on issues formed upon the pleas of *non est factum* and *non assumpsit*, and the testimony and arguments of counsel, made that case to depend and turn upon the sole question of contract or no contract : *Further*—the jury found a verdict in that case in favor of the defendant; and judgment was rendered accordingly. It was also shown that the special contract now declared on, was proved on the trial of the suit in Benton.

Upon this evidence, the Court charged the jury, that if they believed that the contract was oral, and no note or memorandum of it was made in writing, and by its terms it was not to be performed, that is, if the instalments sued for was not to be

paid within twelve months after the contract was made, then it was within the statute of frauds, and could not be the foundation of a recovery. *Further*—that there could not be a recovery on the common counts, if an action had been determined between the same parties on the same contract, the declaration having common counts identical with those in the present case.

The defendant prayed the Court to give to the jury several charges, which were refused; but as these can have no influence upon the instructions given, and the defendant had a verdict and judgment, they need not be more particularly noticed.

S. F. RICE, for the plaintiff in error. The contract was executed on the part of the intestate of the plaintiff, by the sale and delivery of the stallion to the defendant, and the latter cannot object that he was not to complete the payments within twelve months thereafter. The statute of frauds does not apply to a complete sale, but only to an agreement for a sale which is not to be perfected within twelve months. [3 Ala. Rep. 679; 1 Taunt. Rep. 458; 1 East's Rep. 192; 7 East's Rep. 558; 21 Pick. Rep. 384; 13 Id. 1; 11 East's Rep. 142, 152; Chitty on Con. 209.]

The sixth plea is argumentative, and should have been held bad on demurrer. [1 Ala. Rep. N. S. 429.]

The trial in the former action, could have no effect upon the plaintiff's right to recover for the third instalment of the purchase money claimed; nor is the charge in respect to the judgment in that case barring a recovery upon the common counts consonant to law. The record of a former suit must be a complete bar in itself, and cannot be aided by other evidence. [2 Johns. Rep. 24; 7 Id. 20; 2 Wend. Rep. 369, 374; 12 Id. 504; 4 Conn. Rep. 276.]

W. P. CHILTON, for the defendant. Part performance of an agreement will not take a case out of the statute, when the agreement is not to be performed within twelve months. [11 East. Rep. 142.] The meaning of the statute of frauds, is, that its execution must be perfected within the year. [Chitty on Con. 208.]

It is the same cause of action where the same evidence will support both actions. [7 Johns. Rep. 20; 8 Id. 383.] The for-

mer recovery in this case necessarily involved a decision upon the contract. [5 Wend. Rep. 161; 9 Id. 287.] If the plaintiff had recovered for the instalments first accruing, his right to recover for the third would not have been thereby affected; but being defeated in his first suit either by failure to show a contract, or proof of its invalidity by the defendant, he cannot maintain the present action.

COLLIER, C. J—The first section of the statute of frauds, among other things enacts, that no action shall be brought whereby to charge the defendant, "upon any agreement, which is not to be performed within the space of one year from the making thereof; unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person, by him thereunto lawfully authorized." [Clay's Dig. 254, § 1.] It has been held, that this provision extends to all contracts, which are not to be carried into full, effective and complete execution within the time limited by it; and on this the defendant's counsel founds the argument, that a sale and delivery of property, is not sufficient to exempt a case from its influence, unless full payment is to be made by the purchaser within the year. [Chitty on Con. 57, and cases there cited, 4 Am. ed.]

The statute was never intended to embrace a contract wholly executed on one side, where nothing was to be done on the other, but to pay the money stipulated as an equivalent. Speaking of the contract of sale, Chitty, in his treaties on contracts (58) says, "that a parol contract for the sale of goods to be delivered, which the parties reasonably expected would be delivered within a year, though the price was to be paid after that period, is not within the statute; because in such case, *all that is on one side to be performed*, namely, the delivery of the goods, is to be done within a year." In Donellan v. Read, 3 B. & Ad. Rep. 899, the Court lay down the law in equivalent terms, and add, "in case of a parol sale of goods it often happens that they are not to be paid for in full, till after the expiration of a longer period of time than a year; and surely the law would not sanction a defence on that

ground, when the buyer had the full benefit of the goods on his part." Such also was the opinion of Abbot, C. J. in Bracegridle v. Heald, 1 B. & Ald. Rep. 727. See also Holbrook v. Armstrong, 1 Fairf. Rep. 31.

In the present case, there was evidence tending to show the sale and delivery of the horse described in the declaration, for which the defendant agreed to pay by instalments. The two last of these were payable more than twelve months after the sale; and the court charged the jury, that if the instalment for which the action was brought, was not to be paid within twelve months after the contract was made, then the statute of frauds would not allow the plaintiff to recover. This instruction supposes that a delivery of the horse would not relieve the case from the influence of the statute. In this we have seen that the Court misapprehended the law.

The sixth plea is not argumentative in any just sense; it merely denies that any such contract as alleged in the declaration was seriously entered into, and that if it was made in fact, it was not intended to be operative. This latter remark is not an argument to show how what precedes it, is true, it is a reiteration in different terms of its truth. But if the plea were argumentative would it be bad on general demurrer, (which under our statute is its only effect, no matter in what form it may be interposed)? [2 Saund. on Plead. & Ev. 722.] At most the plea amounts to the general issue, or rather tolerates the admission of evidence that could be offered under *non assumpsit*. If it be of the former description, it would only be objectionable on special demurrer, which is not here permitted, as we have already said; and if of the latter, the plaintiff has not been prejudiced by overruling his demurrer; for the general issue *alone* would throw upon him the proof of every fact, which is required both by it and the sixth plea. So that it is wholly immaterial whether this plea is good or not; neither party has been in any manner affected by the judgment sustaining it.

There are some few cases that maintain the doctrine, that the record of a former suit must (if at all) be a bar in itself to a subsequent action, and that extrinsic evidence is not admissible to show what particular matters were litigated between the parties. But the great preponderance of American au-

thority is in favor of the admission of parol evidence, to show what transpired upon the former trial, and thus explain the record. In Parker v. Thompson, 3 Pick. Rep. 429, it is said, "Every fact which exists on record, must be proved by the record; but when the question is as to the real subject matter of a suit, or to show a bar to another suit, or to lay the foundation of an action of indemnity, the identity of the cause of action may be proved by other than record evidence." Whether any matter has been tried between the same parties, and decided before, is a fact depending in part on parol evidence, and partly on the record. And this is said to be the doctrine in England no less than in this country. [See the cases collected in 3 Phil. Ev. 837 to 840, C. & H.'s notes.] The case of Davidson & Stringfellow v. Shipman, et al. at the last term of this Court, considers the doctrine at some length, and attains the conclusion we have expressed. [See also Robinson v. Windham, 9 Porter's Rep. 397.]

The issue in the previous suit always shows what matters might have been litigated between the parties, and where the judgment therein is relied on as a bar, it is competent to show what were the points there controverted, and prove them to be identical with those involved in the case in hand. Matters that were not within the issue, although they were litigated in fact, are not available as a bar to a subsequent action, in which they are drawn directly in question. In fact, it is not permissible to show that any such matter was controverted in the first suit, for this would be to add to, or contradict the record, instead of assisting or directing its operation by other evidence. [Manny v. Harris, 2 Johns. Rep. 24.]

In the case at bar under the issue in the first suit, it devolved upon the plaintiff, if he would recover any part of the purchase money upon a sale of the stallion by a parol agreement, to establish the contract. The pleadings were adapted to the admission of such proof, and the evidence recited in the record informs us, that the sole question on which the determination of that case turned, was, whether there was such a parol contract. This being the case, it will follow from what we have said, that the bar set up by the defendant will avail him, unless the fact, that this action is brought for the recovery of an instalment which matured subsequent to the commencement

of that suit, will take it without the effect of the judgment there rendered.

In Gardner v. Buckbee, 3 Cow. Rep. 120, two notes had been given upon the purchase of a vessel; one of the notes had been put in suit, to which the defendant pleaded the general issue, and gave notice of a total failure of consideration, because of fraud in the sale, and on that ground succeeded in his defence. Afterward the second note was prosecuted, and on the trial the defendant offered in evidence the record of the former suit. The Supreme Court held, that the record with proof *aliunde* that fraud in the transaction was the ground upon which the verdict was founded, were conclusive against the plaintiff. It is said that "by the finding of the jury both propositions are affirmed. The judgment became conclusive between the parties on these points, and is an effectual bar to the action to recover the residue of the consideration money." So Burt v. Sternbergh, 4 Cow. Rep. 559, was an action of trespass, *quare clausum fregit*, in which the defendant claimed title to the premises. The plaintiff offered the record of a former suit for a trespass upon the same premises, in which the plaintiff had recovered, and accompanied it with parol evidence, to show that the defendant on that occasion set up the same title relied on by him in the latter suit. It was decided upon the Circuit as well as in the Supreme Court, that the record and evidence *aliunde* were conclusive as to the point of title; and in respect to that title the recovery and evidence were conclusive. It was however admitted that the defendant might have shown if he could, that he had acquired title since the 'former trial, or any title other than that which had been then passed upon. True, in Jackson v. Wood, 3 Wend. Rep. 27, the Supreme Court of New York, without particularly noticing their previous decisions, held that evidence *aliunde* was inadmissible to assist the record of a former action, so as to show what came in question on the trial. But this decision was reversed by the unanimous judgment of the Court of errors. [8 Wend. Rep. 9. See further, Lawrence v. Hunt, 10 Wend. Rep. 80; 3 Phil. Ev. C. & H.'s notes, 844.] From this view, it results, that the Court laid down the law correctly in the second charge to the jury. But we cannot know that the jury were influenced in finding a verdict by the

evidence upon this point. It may be that their finding was induced by the first instruction, which we have seen was erroneous; for that error the judgment of the Circuit Court must be reversed and the cause remanded.