## Richmond.

### SEDDON v. ROSENBAUM.

March 28th, 1889.

1. CONTRACTS.—*When writing required.*—Clause 7, section 2840, Code 1887, contemplates such contracts as on their face have performance postponed beyond one year, and not such as may or may not chance to be performed within that period.

2. IDEM.—*Performance—Defeasance—Distinction.*—See opinion as to distinction between "an agreement that is not to be performed within a year," and "an agreement which is not to be defeated within a year."

3. IDEM—*Want of mutuality.—Quære,* whether, where there is an option granted to one side which is not granted to the other and there is a want of mutuality, the contract is not binding.

4. IDEM—*Case at bar.*—An agreement to sell stock at the end of three years, with an option to the purchaser to call it at any time, may be performed within a year and is not required to be in writing signed by the party sought to be charged.

Error to judgment of circuit court of Richmond city, rendered July 13th, 1887, in the action of T. Seddon, who is the plaintiff in error, against S. M. Rosenbaum. Opinion states the case.

*W. W. Gordon,* for the plaintiff in error.

*H. M. Marshall,* and *H. G. Cannon,* for the defendant in error.

LACY, J., delivered the opinion of the court.

This action was *assumpsit* upon a contract by the defendant to sell the plaintiff two hundred and fifty shares of the capital stock of the Richmond & Danville Railroad Company at the

price of $96 per share. The contract was reduced to writing, but was not signed by the party sought to be charged, and is as follows: "S. M. R. [the defendant] to buy 250 shs. R. & D. at 80, and sell the same to T. Seddon at the end of 3 years at 96. Stock may be called at 96 at any time before expiration of 3 yrs." There was a demurrer by the defendant, which was overruled, and his plea setting up the statute of frauds rejected by the court, and issue was joined upon the plea of *non assumpsit.* Upon the trial the plaintiff asked for an instruction to the jury, which the court refused, and gave others, to which the plaintiff excepted. After hearing the evidence, and upon the instructions of the court, the jury rendered a verdict for the defendant, which the plaintiff moved to set aside for reasons already assigned in the other exception, which motion the court overruled, and the plaintiff again excepted. Whereupon the plaintiff applied for and obtained a writ of error to this court.

The first error assigned here is as to the action of the court in refusing to give to the jury the instruction asked by him, which was as follows: "If the jury believe from the evidence that on or about the 11th day of March, 1886, the plaintiff and defendant entered into an agreement by which the defendant agreed to buy two hundred and fifty shares of Richmond & Danville railroad stock, and sell the same to the plaintiff at $96 per share, the plaintiff to take the same at the end of three years from the date of the agreement, but with the right to take it at any time prior to the expiration of the three years; and if they further believe that early in the month of July, 1886, the plaintiff, or his duly authorized agent, demanded delivery of the stock from the defendant, and tendered him pay for the same, and that the defendant refused to deliver the said stock, then the jury must find for the plaintiff an amount equal to the difference between the contract price and the market value of the stock at the time of the refusal to deliver the same," and in giving to the jury in lieu thereof an instruction that the said

contract was void under the statute of frauds, unless the jury should believe from the evidence that it was in writing, and signed by the defendant or his duly authorized agent, as being obnoxious to the seventh clause of the 2840th section of the Virginia Code, which provides that no action shall be brought upon any agreement that is not to be performed within a year, unless the agreement, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby, or his agent, etc.

Our statute of frauds and perjuries corresponds to the English statute of 29 Car. II, ch. 3, which an eminent writer of that realm designates as the most important and most beneficial piece of judicial legislation of which England can boast. Lord Campbell, 3 Camp. Lives, Ch. 330. Lord Nottingham, who is styled " the father of English equity," claims to have introduced the bill in the House of Lords, while its original conception has long been popularly imputed to Lord Hale and Sir Leoline Jenkins. *Ash* v. *Abdy*, 3 Swanst. 664; *Windham* v. *Chetwynd*, 1 Burrows, 418. And the proper construction of the law has been considered and debated in a vast number of cases, so that, as is said by an eminent author of our own times, Mr. Minor (3 Minor's Inst. 151), to ascertain the signification of its several clauses has cost an immense sum of money—a subsidy, it is customary to say, for every line. *Wain* v. *Warlters*, 5 East, 17. Our statute of parol agreements corresponds to the fourth section of 29 Car. II, ch. 3. By the seventh clause the agreements contemplated by the statute are such as on their face have their performance postponed beyond one year, and not such as may or may not chance to be performed within that period. In the case of *Peter* v. *Compton*, 5 W. & M. King's Bench, 1 Smith's Lead. Cas. *351, the question upon the trial in an action upon the case, upon an agreement in which the defendant promised for one guinea to give the plaintiff so many upon the day of his marriage, was if such agreement ought to be in writing, for

the marriage did not happen within a year. It was held that when the agreement is to be performed upon a contingent, and it does not appear within the agreement that it is to be performed after the year, then a note is not necessary, for the contingent might happen within the year; but, when it appears by the whole tenor of the agreement that it is to be performed after the year, then a note is necessary, otherwise not. *Francam* v. *Foster*, Skin. 226; *Fenton* v. *Emblers*, 3 Burrows, 1281; 1 Bl. W. 353; *Wells* v. *Horton*, 4 Bing. 40; *Smith* v. *Neale*, 2 C. B. (N. S.) 67.

But it is insisted in this case by the defendant in error that while the plaintiff could call the stock within the year, by the terms of the agreement the defendant could not, and that upon the option of the plaintiff the agreement might be performed within the year, but this the defendant could not do, and that the agreement, so far as it was mutual, was beyond the year, and came under the statute. The accepted doctrine in England upon the decided cases seems to be that the words in the statute "not to be performed" mean not to be performed "on either side"—that is, that an agreement does not come within the statute, provided that all that is to be done by one of the parties is to be done within a year; that is, that on that side the contract is executed. This was first hinted at in *Bracegirdle* v. *Heald*, 1 Barn. & Ald. 722, and then distinctly ruled in *Donellan* v. *Read*, 3 Barn. & Adol. 899; Littledale, J., saying as to the contract not being to be performed within a year: "We think that as the contract was entirely executed on one side within a year, and as it was the intention of the parties, founded on a reasonable expectation, that it should be so, the statute of frauds does not extend to such a case." In that case there was no time fixed for the performance by one party, but he performed within the year; the other party, by the terms of the agreement, was not to perform except at the expiration of several years; he to pay an additional annual rent for the remainder of the lease, of which sev-

eral years were unexpired. This was established as the prevailing doctrine in England by the later case of *Cherry* v. *Heming*, 4 Exch. 631. In that case, which was decided at Michaelmas term, 1849, in the court of exchequer of pleas, the foregoing cases came under discussion. Parke, B., said: "I am of opinion that this rule ought to be discharged. Upon the question whether this is an instrument within the statute of frauds [an unsigned deed], I think that *Donellan* v. *Read* is an answer; and in my opinion that case was rightly decided. The question there turned upon the words 'not to be performed.' The court held that they meant not to be performed on one side or the other, and did not include cases where the contract was entirely executed on one side. This was certainly in accord with the opinion of Lord Tenterden and Mr. Justice Abbott, in *Bracegirdle* v. *Heald*. If *Donellan* v. *Read* had been simply a decision on a doubtful point, I should have thought we ought to adhere to it, because we are bound by decided cases unless they are manifestly wrong. But I think the decision was right, and the observations made by Mr. Smith are not sufficient to make me think it was wrong. *Peter* v. *Compton*, which he relies on, does not support his conclusion. That case only shows that, there being two answers to the statute of frauds, Lord Holt adopted one, when the other would also have been complete." The other members of the court concurring with Parke, B.

This ruling has been approved and followed in many American cases, though not uniformly so. *Holbrook* v. *Armstrong*, 1 Fair. 31 ; *Rake* v. *Pope*, 7 Ala. 161 ; *Johnson* v. *Watson*, 1 Kelly, 348. This doctrine is thus stated by Mr. Smith (Smith, Cont. 112): "When, however, all that is to be done by one party, as the consideration for what is to be done by the other, acutally is done by the one within a year, the statute does not prevent that party suing the other for the non-performance of his part of the contract. When one has had the full benefit of the contract the law will not permit the other to withhold the consideration,"—

citing numerous cases, both English and American. If, by its
terms, or by reasonable construction, a contract not in writing
can be fully performed within a year, although it can be done
only by the occurrence of some improbable event, as the death
of a person referred to, it is not within the statute; so if it can
be performed on one side within the year. *Blanding* v. *Sargent,*
33 N. H. 239; *Wiggins* v. *Keizer,* 6 Ind. 252; *Soggins* v. *Heard,*
31 Miss. 426; *Suggertt* v. *Cason,* 26 Mo. 221; *Burney* v. *Ball,*
24 Ga. 505; *Sherman* v. *Champlain Co.,* 31 Vt. 162; *Wilson* v.
*Ray,* 13 Ind. 1; *Hill* v. *Jamieson,* 16 Ind. 125. Mr. Bishop
says (Bish. Cont. § 537): "The leading doctrine under this head
is that a writing is essential or not, according as the completed
doing of the thing must, by the terms of agreement, necessarily
be postponed beyond the year, or may fall within it." As if the
performance depends on the death of a person, or the coming in
of a ship, or any other contingent event which may or not
transpire within the year, no writing is required. Otherwise,
if there is a fixed date forward more than a year. See also
*Paris* v. *Strong,* 51 Ind. 339; *Withers* v. *Richardson,* 5 T. B.
Mon. 94. In the supreme court of the United States, Mr. Justice
Miller said upon this subject (*Walker* v. *Johnson,* 96 U. S. 424):
"In order to bring a parol contract within the statute, it must
appear affirmatively that the contract was not to be performed
within the year." In *McPherson* v. *Cox,* 96 U. S. 404, it was
said in the same court that the statute applies only to contracts
which, by their terms, are not to be performed within that time.
To the same end are *White* v. *Hanchett,* 21 Wis. 415; *Blakeney*
v. *Goode,* 30 Ohio St. 350; *Thomas* v. *Hammond,* 47 Tex. 42;
*Somerby* v. *Buntin,* 118 Mass. 279; *Jordan* v. *Miller,* 75 Va.
450; 1 Benj. Sales, 132. In the case of *Packet Co.* v. *Sickles,*
5 Wall. 580, relied on by the defendant in error, the court held
that the contract, being by its terms extended beyond a year,
to wit: twelve years, that it was within the statute, notwith-
standing the proviso, if the bond should last so long; that is,

that the possibility of defeasance within the year does not make it the less a contract to be performed beyond the year, And to the same effect are many other cases cited. *Birch* v. *Earl of Liverpool,* 9 Barn. & C. 392; *Dobson* v. *Espie,* 2 Hurl. & N. 81. This has been often held, and the reason is that the contract, being one to be performed by its terms beyond the year, comes within the statute, although it may be defeated within the year; a possible defeasance not affecting the time when by its terms it may be performed. We are dealing with the statute that provides "any agreement that is not to be performed within a year," not any agreement that is not to be defeated within a year, and we think the distinction is clearly defined in reason as well as by the cases. If the agreement may be performed within a year, it cannot be said that by its terms it is not to be performed within a year, because it may by its terms be performed within that time; but if, by its terms, it is to be performed beyond the year, it comes within the statute, and that it contains provision for a possible defeasance within the year does not make it thereby capable of being performed otherwise than as provided beyond the year. To defeat is not to perform. But it is further argued that there is an option granted to one side which is not granted to the other, and there is a want of mutuality. If this is so, then as to all cases where one side grants an option to the other, which is not unusual, the contract is not binding. But it is pressed further that without the option the contract is one to be performed beyond the year. Grant it, and the reply is (1) that such is not this contract; (2) that the provision which this consideration excludes is the provision which renders it capable of being performed within the year, and which takes it out of the statute. To consider the contract with that excluded is not this case.

We think the circuit court clearly erred in rejecting the plaintiff's instruction as asked, and the judgment will, for that cause, be reversed, and the case remanded to the circuit court, with

directions to set aside the verdict and grant a new trial to the plaintiff, at which new trial, if the evidence shall be the same, and the same instruction asked by the plaintiff, it must be given; and the instruction given by the court at the first trial is erroneous, and must not be again given.

DECREE REVERSED.