ANNETTE E. EMERSON *v.* UNIVERSAL PRODUCTS COMPANY, INCORPORATED, a corporation of the State of Delaware.

278

(*October* 17, 1932.)

RICHARDS and RODNEY, J. J., sitting.

*Hugh M. Morris* and *Ivan Culbertson* for plaintiff.

*William G. Mahaffy* and *Charles F. Curley* for defendant.

Superior Court for Sussex County, No. 26, June Term, 1931.

RODNEY, J., delivering the opinion of the Court:

This case raises for the first time in Delaware, the precise question whether an oral contract which by its terms cannot be completely performed by both parties within a year comes within the Statute of Frauds when the

complaining party could and did within the year fully and completely perform his part of the agreement.

Our Statute is almost the exact counter part of *Section* 4 of the *English Statute of* 29 *Charles II,* and was adopted by our Colonial Assembly in 1752. It is suggested by the plaintiff that because the Delaware Statute was adopted from the English Law that the English decisions construing their own act have peculiar weight in this case. It is only necessary to suggest that the Delaware Statute was adopted many years before any construction of the *English Act* that we have seen pertinent in this case and these cases, therefore, are entitled to that measure of respect that their reasoning warrants.

Because, however, our *Statute of Frauds* was essentially a re-enactment of the English Statute, it seems logical first to consider the construction placed there upon it. Of the *English Rule* there can be no doubt. 7 *Halsbury Laws of England, p.* 366. Beginning with *Donellen v. Read,* 3 *B. & Ad.* 899, 23 *E. C. L.* 215, 6 *Eng. Rul. Cas.* 298, 110 *Eng. Reprint* 330, the English cases have all consistently held that the *Statute of Frauds* only applied to cases where the contract was wholly executory on both sides; that the Statute was no defense where it appeared that the contract was to be and had been fully performed by the plaintiff within the year even though complete performance could not be made by the defendant until after the expiration of the year. *Donellen v. Read* was followed by *Cherry v. Heming,* 4 *Exch.* 631; *Miles v. New Zealand Alford Co.,* 32 *Ch. Div.* 266; *Bevan v. Carr,* 1 *Cababe & Ellis* 499; *Smith v. Neale,* 2 *C. B.* (*N. S.*) 67. See, also, *Bracegirdle v. Heald,* 1 *B. & Ad.* 722; *Reeve v. Jennings,* 2 *K. B.* (1910) 522.

In *Smith v. Neale* the facts were somewhat similar to the case at bar. Here the plaintiff had assigned a patent to defendant reserving a percentage of profits of manufacture covering a number of years. As indicated by the head note the Court held:

"* * * An agreement whereby all that is to be done by the plaintiff constituting one entire consideration for the defendants promise is capable of being performed within the year and no part of what the plaintiff is to do constituting such consideration is intended to be postponed until after the expiration of the year is not within the fourth section of the *Statute of Frauds* notwithstanding the performance on the part of the defendant is or may be extended beyond that period."

Turning then from the English authorities we find a vast preponderance of American cases adopting and approving the same rule. Some of the general authorities where these citations are collected are 27 *C. J.* 350, 356; 8 *A. & E.* (*1st Ed.*) 692; 29 *A. & E.* (*2d Ed.*) 943, under heading of Verbal Agreements; *City of Tyler v. St. Louis Southwestern R. Co.,* 99 *Tex.* 491, 91 *S. W.* 1, 13 *Ann. Cas.* 916, and *note; East Tennesee Tel. Co. v. Paris Electric Co.,* 156 *Ky.* 762, 162 *S. W.* 530, *Ann. Cas.* 1915*C,* 548, and *note; Seddon v. Rosenbaum,* 85 *Va.* 928, 9 *S. E.* 326, 3 *L. R. A.* 337, and *note;* 6 *Eng. Rul. Cas.* 297; 1 *Williston on Contracts,* § 504; 2 *Elliott on Contracts,* § 1289, *etc.;* 2 *Page on Contracts,* §§ 1295, 2240; *Browne on Statute of Frauds* (*5th Ed.*), *p.* 385; 1 *Reed on Statute of Frauds,* § 206, *etc.; Smith on Frauds,* § 352, and *note.*

It is vain to attempt to disguise the fact that the rule adopted in England and some. twenty odd states of this Union has been severely and ably criticized. In Massachusetts, Vermont, Michigan, and to some extent in New York, the Courts have refused to accede to the doctrine and *Marcy v. Marcy,* 9 *Allen* (*Mass.*) 8, and *Pierce v. Paine's Estate,* 28 *Vt.* 34, leave little to be added in support of the minority view. The opinion of Chief Justice Bigelow in *Marcy v. Marcy, supra,* seems in particular to be approved in *Browne Statute of Frauds,* § 290, 1 *Reed Statute of Frauds,* and in the excellent article in 29 *Amer. Law Review* 481.

Before listing some of the authorities reaching the same conclusion reached by this Court, a short discussion of the underlying principles may not be inappropriate.

██ The Statute of Frauds, we think, was only in-

tended to operate upon agreements executory in character. The consideration moving to and the obligations assumed by each party made the agreement executory and when these obligations could not be performed within a year the Statute of Frauds required that they be reduced to writing to be binding upon a party. When, however, the agreement, contemplates one party immediately, fully and completely complying with his entire obligation and he does so immediately comply and there remains nothing to be done by the other but the payment of money pursuant to the agreement then the agreement has ceased to be executory in character and has become executed. *Hollis v. Morris, 2 Harr. 3.* In *Donovan v. Maloney, 3 Boyce* (26 *Del.*) 453, 84 *A.* 1032,[1] it was held that an agreement to enter into a lease was an executory contract and within the Statute of Frauds but if the plaintiff delivered possession pursuant to the contract the executory contract became executed and the letting became a yearly one and not within the statute. Why, in the present case, should not a plaintiff be entitled to recover upon a contract which he has completely performed? The defendant has received the full benefit—not of an implied contract, but of an express one. He has received everything that the express contract stipulated that he should receive and nothing remains to be done on his part but the payment of money. Nor do we see any substance in the minority rule. In almost every case where recovery upon the contract has been refused it has been suggested that a recovery could be had under *quantum meruit* or *quantum valebant* counts. It has been said that any other rule "promotes rather than prevents fraud." See *note* 49 *A. L. R.* 1121. In these cases the contract price has always been admitted as evidence of an admission by the parties of value and the only discussion has been as to whether the contract alone fixes the price or whether it is only to be

---

[1] Cited in *Schwartzman v. Wilmington Stores Co., 2 W. W. Harr.* (32 *Del.*) 362, 123 *A.* 343.

considered together with other testimony of value.[1] Now if the amount of the contract price is admissible under the *quantum meruit* or *quantum valebant* counts and if the fixation and payment of the contract price be all that remains to be done where the contract has been fully performed by the plaintiff within the year it seems somewhat anomalous to allow this fixation of price to be had indirectly in the first case and not directly in the other.

In the United States the following jurisdictions have expressly approved the *English Rule* herein approved by this Court. The following selections from the great mass of cases must be sufficient: Alabama (*Rake's Adm'r v. Pope,* 7 *Ala.* 161); Arkansas (*Pledger v. Garrison,* 42 *Ark.* 246); Arizona (*Diamond v. Jacquith,* 14 *Ariz.* 119, 125 *P.* 712, *L. R. A.* 1916D, 880); Colorado (*Enos v. Anderson,* 40 *Colo.* 395, 93 *P.* 475, 15 *L. R. A.* (*N. S.*) 1087); Georgia (*Johnson v. Watson,* 1 *Ga.* 348); Illinois (*Curtis v. Sage,* 35 *Ill.* 22); Iowa (*Smalley v. Greene,* 52 *Iowa* 241, 3 *N. W.* 78, 35 *Am. Rep.* 267); Indiana (*Wolke v. Fleming,* 103 *Ind.* 105, 2 *N. E.* 325, 53 *Am. Rep.* 495; *Lowman v. Sheets,* 124 *Ind.* 416, 24 *N. E.* 351, 7 *L. R. A.* 784); Kentucky (*Dant v. Head,* 90 *Ky.* 255, 13 *S. W.* 1073, 29 *Am. St. Rep.* 369); Maine (*Holbrook v. Armstrong,* 10 *Me.* 31); Maryland (*Ellicott v. Turner,* 4 *Md.* 476; *Horner & Conden v. Frazier,* 65 *Md.* 1, 4 *A.* 133); Minnesota (*Langan v. Iverson,* 78 *Minn.* 299, 80 *N. W.* 1051); Missouri (*Bird v. Bilby,* 202 *Mo. App.* 212, 220, 215 *S. W.* 909, 911); Nebraska (*Kendall v. Garneau,* 55 *Neb.* 403, 75 *N. W.* 852); New Jersey (*Berry v. Doremus,* 30 *N. J. Law* 399); North Dakota (*Olson v. McQueen,* 24 *N. D.* 212, 139 *N. W.* 522); Oregon (*Bowman v. Wade,* 54 *Or.* 347, 103 *P.* 72); Rhode Island (*Durfee v. O'Brien,* 16 *R. I.* 213, 14 *A.* 857); South Carolina (*Gee v. Hicks, Rich. Eq. Cas.* 5; *Compton v. Martin,* 5 *Rich.* 14); Texas (*City of Tyler v. St. Louis S. W. R. Co.,* 99 *Tex.* 491,

---

[1] See *Heitz v. Sayers,* 2 *W. W. Harr.* (32 *Del.*) 207, 121 *A.* 225.

91 *S. W.* 1, 13 *Ann. Cas.* 911) ; Virginia (*Seddon v. Rosenbaum,* 85 *Va.* 928, 9 *S. E.* 326, 3 *L. R. A.* 337) ; Wisconsin (*McClellan v. Sanford,* 26 *Wis.* 595; *Washburn v. Dorsch,* 68 *Wis.* 436, 32 *N. W.* 551, 60 *Am. Rep.* 873) ; United States (*Wehner v. Bauer,* [*C. C.*] 160 *F.* 240).

In New Hampshire the decisions are in conflict. *Blanding v. Sargent,* 33 *N. H.* 239, 66 *Am. Dec.* 720; *Emery v. Smith,* 46 *N. H.* 151; *Perkins v. Clay,* 54 *N. H.* 518.

In New York, too, there is some confusion. *Broadwell v. Geteman,* 2 *Denio* (*N. Y.*) 87; *Smart v. Smart,* 24 *Hun.* (*N. Y.*) 128. And at least one New York authority draws attention to statutory differences for whereas most statutes merely make contracts within the Statute of Frauds voidable, in New York such contracts are absolutely void. *Tyler v. Windels,* 186 *App. Div.* 698, 174 *N. Y. S.* 762.

Most of the authorities which discuss what Reed on *Statute of Frauds* calls the "one side rule" seem to suggest that the rule had its origin in *Donellen v. Read, supra,* decided in 1832. It may not be without interest to point out that this rule seems to have been acted on in the United States prior to that date. *Gee v. Hicks, Rich. Eq. Cas.* (*S. C.*) 5, *Supra.*

It has been said that the purpose of the Statute of Frauds is to provide only for a case in which there cannot be an actionable breach within the year from the date of the agreement. 25 *R. C. L.* 454, citing *Sheehy v. Adarene,* 41 *Vt.* 541, 98 *Am. Dec.* 623. This is also stated in *Duchatkiewicz v. Golumbuski,* 12 *Del. Ch.* 253, at *page* 255, 111 *A.* 430. If this be the true rule then the Statute of Frauds can have no application to the present case. The pleadings allege the assignment of the patent by the plaintiff to the defendant on December 30, 1914, and the immediate manufacture of articles by the defendant under the patent; the pleadings also allege that royalties or license fees were payable monthly so that in case of nonpayment of royalties

there could have been a number of actionable breaches within a year from the making of the agreement. If recovery could be had upon the contract for a number of actionable breaches within the year it would seem illogical that subsequent breaches would be based not on the same contract but on an implied one.

From a consideration of the case solely upon the pleadings, the facts of which are admitted by the demurrer, we are of the opinion that the demurrer must be overruled.