HYMAN DOODLESACK *vs.* SUPERFINE COAL & ICE CORP. &
others.

Suffolk.    November 16, 1934. — November 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Frauds, Statute of. Contract,* Joint, Novation, Consideration, Building
contract. *Joint Obligation. Practice, Civil,* Election, Default.

Where a contractor who had partly performed a building contract with
a landowner, upon being informed that the landowner and his partner
had formed a corporation, told them that he would not do work for it
but would finish the construction job if both of them would promise
to pay for his work, and thereupon they both did so promise, it could
be found that there was a novation whereby a joint obligation of the
two was substituted for the sole obligation of the landowner; and the
assumption of an obligation by the contractor to the partner to finish
the job was consideration for the latter's promise.

Upon a novation whereby a joint indebtedness of two was substituted
for a sole indebtedness of one of them, the promise of the other of the
two in effecting the novation was not a "special promise to answer for
the debt . . . of another" within G. L. (Ter. Ed.) c. 259, § 1, Second.

On the record in an action against a corporation and one of its officers,
defaulting the corporation upon the plaintiff's motion did not show
as matter of law that the plaintiff had elected to rely on the theory
that in dealing with the plaintiff the individual defendant had been
acting as an agent of the defendant corporation, rather than on the
possible alternative theory that he had been acting for himself; nor
bar recovery against him.

CONTRACT.    Writ dated June 21, 1933.

Upon default of the defendants Superfine Coal & Ice
Corp. and Rosenbaum, the action was tried in the Superior
Court before *Gibbs,* J., against the defendant Fistel alone.
There was a verdict for the plaintiff in the sum of $514.48.
The defendant Fistel alleged exceptions.

The case was submitted on briefs.

*F. G. Lichtenstein,* for the defendant Fistel.

*M. Jacobs,* for the plaintiff.

DONAHUE, J.    The plaintiff on April 22, 1933, entered
into a written contract with one Rosenbaum wherein the
plaintiff agreed to furnish the labor and material for the

erection of a building, to be used as an ice manufacturing plant, on land of Rosenbaum. The agreement provided for the payment of a stated sum in instalments as the work progressed. The work of erection began on April 24. On April 29 Rosenbaum became acquainted with one Fistel and on May 2 they organized a corporation under the name Superfine Coal & Ice Corp. to operate the ice plant when constructed. Fistel lent the corporation $5,000, took a mortgage on the plant as security, was made president and treasurer of the corporation to protect the loan and acquired an interest in the stock of the corporation. Rosenbaum assigned to the corporation his interest in the written agreement with the plaintiff.

After the completion of the work the plaintiff brought an action in which the corporation, Rosenbaum and Fistel were named as defendants. In the first count of the declaration he sought to recover a balance due for labor and materials furnished in the erection of the building to be used as an ice plant, in the second count a balance due for extra labor and materials furnished in the erection of a building to be used as an office, in the third count for extra labor and materials furnished in connection with the building of the ice house, and in the fourth count for "Lumber and building materials used by the defendants (purchased by plaintiff . . .)." When the case was reached for trial before a jury, Fistel was the only defendant present or represented by counsel. On motion of the plaintiff the corporation and Rosenbaum were defaulted, and the trial proceeded against Fistel as the sole defendant. The jury returned a verdict for the plaintiff on each count of the declaration. The exceptions of Fistel here presented are to the denial of his separate motions for a directed verdict on each count of the declaration and to a portion of the judge's charge.

The jury were warranted on the testimony of the plaintiff in finding the following facts in addition to those earlier related: On May 2 the plaintiff had completed the foundation of the ice plant building and was thus entitled to the first instalment payment under his contract with Rosen-

baum.  On that day Rosenbaum brought Fistel to the job, introduced him to the plaintiff as his partner and told the plaintiff that the two had formed a corporation of which Fistel was president and treasurer.  The plaintiff said that he preferred to work for individual parties, that he would not work under a corporation but that he would do the work according to his agreement providing Rosenbaum and Fistel would both promise to pay for his work and that if the two would so agree he was satisfied to go ahead with the work and complete it.  Rosenbaum and Fistel then and there agreed to pay for the job and said they were perfectly satisfied to pay for the job and any other work that was to be done there.  Fistel then gave the plaintiff as the first instalment payment his check payable to the order of the corporation and indorsed in the name of the corporation by Fistel as president.  At later times Rosenbaum and Fistel together gave the plaintiff an order for the extra work of building an office building to which count two in the declaration relates and an order for the extra work of building an ice chute, a platform and fence on which count three is based.  As other instalment payments under the agreement became due they were made by checks of the corporation bearing notations as to the particular instalment payments to which they were to be applied.

Fistel, who pleaded the statute of frauds, contends as to the first and fourth counts of the declaration that any promise which could on the evidence have been found to have been made by him was a "special promise to answer for the debt . . . of another," G. L. (Ter. Ed.) c. 259, § 1, Second, and that therefore the action could not be maintained on those counts.  So far as the first count is concerned, the evidence warranted the finding that there was no promise by Fistel to pay the debt of Rosenbaum within the meaning of the language of the statute, but that there was a joint promise by Rosenbaum and Fistel to pay for labor and material to be provided by the plaintiff in the erection of the ice plant.  Where two jointly promise to pay a debt the promise of one is not a promise to pay the debt of the other and is not within the statute of frauds.

*Oldenberg* v. *Dorsey*, 102 Md. 172.  *Peele* v. *Powell*, 156
N. C. 553.  *Olson* v. *McQueen*, 24 N. D. 212.  *Eddy* v.
*Davidson*, 42 Vt. 56.  It could here have been found that it
was the intention of the three persons concerned to convert
the antecedent debt of Rosenbaum into a new joint debt of
Rosenbaum and Fistel with the result that the sole liability
of Rosenbaum was terminated and its place taken by the
newly created joint liability of Rosenbaum and Fistel.  The
promise of Fistel in such a novation was not within the
statute of frauds.  "If A. be a creditor of B., and B. and C.
purpose to enter into, or have entered into, partnership,
and say to A. 'we wish this debt to be a debt from us both
and we will pay it,' and A. accedes to that, although there
is no writing, the agreement is valid and effectual, and is
not impeached or affected by the Statute of Frauds.  The
effect of such an agreement is to extinguish the first debt,
and for a valuable consideration to substitute the second
debt."  *Ex parte Lane*, 1 De Gex, 300, 301–302.  Williston,
Contracts, § 466.  *Griffin* v. *Cunningham*, 183 Mass. 505.
The assumption by the plaintiff of a contractual obligation
to Fistel to complete the work was in the circumstances
sufficient consideration for Fistel's promise.  *Abbott* v.
*Doane*, 163 Mass. 433.  *Swartzman* v. *Babcock*, 218 Mass.
334.

Counts two and three are for labor and materials furnished
by the plaintiff in doing extra work not contemplated in the
main contract.  The evidence warranted the finding that
this work was done under new and original promises by
Rosenbaum and Fistel jointly.  To such promises the
statute of frauds would have no application.

The plaintiff in his fourth count seeks the recovery of
$29.76 for materials "purchased by [the] plaintiff" and
"used by the defendants."  The bill of exceptions recites
that the plaintiff "testified that some material was pur-
chased from a lumber concern by Rosenbaum and charged
to the plaintiff for $29.76, and that in a conversation between
Fistel and a salesman for this concern in the plaintiff's pres-
ence, Fistel orally promised to pay it."  This sentence, which
is not entirely clear as to whose debt Fistel promised to pay

or to whom he made the promise, is the only statement
in the record with reference to the occasion when, as the
plaintiff contends, a promise was made by Fistel which
entitles the plaintiff to recover under the fourth count.
There is nothing in the record to indicate that the "de-
fendants," as the plaintiff alleges, ever used such material
on the job here in question or anywhere else. The plain-
tiff makes no charge for labor in connection with this
material and there is no evidence that he used it. It is
stated elsewhere in the bill of exceptions that the parties
"agreed that the plaintiff did all the work and furnished
all the materials set out in his declaration." If we should
assume, because of this stipulation, that the plaintiff "fur-
nished" the materials referred to in the fourth count, the
record is bare as to the arrangement under which they
were furnished or the purpose for which they were used.
There is no basis for the inference that such materials were
provided or used in the performance of the main contract,
a balance due under which is sought in the first count of
the declaration or in connection with the only two orders
for extras appearing in the evidence and forming the basis
of the second and third counts. With no evidence show-
ing how the plaintiff came to furnish the materials in ques-
tion, or when or where or for what purpose they were used, or
the relation of Fistel to their purpose or their use, there is
no evidential basis in the record for finding any considera-
tion for a promise by Fistel to pay a debt occasioned by
their purchase. The motion of the defendant Fistel for a
directed verdict on the fourth count should have been
allowed.

Fistel took an exception to a portion of the judge's
charge with reference to the first count dealing with the
matter of a novation. The judge instructed the jury in
substance that Fistel could not be held liable unless it were
found that the plaintiff refused to go on with the work and
that Fistel for his own advantage, which furnished a con-
sideration, promised to pay for it. There was no specifica-
tion of the ground of the exception and the whole of the
charge does not appear in the record. Taken by itself

the portion excepted to was sufficiently favorable to the defendant.

It is contended on behalf of Fistel that since the corporation was included as a defendant the plaintiff might at a trial rely on either one of two alternative theories as to the dealings of Fistel with the plaintiff, one, that Fistel was acting as agent for the corporation, the other, that he was acting in his individual capacity, and that by obtaining a default against the corporation the plaintiff must be held to have elected to proceed on the first theory and was thereby precluded from maintaining the action against Fistel. It is manifest that the plaintiff in securing the default did not as matter of fact have the intention to make such an election. An essential element of the theory on which he proceeded to try his case was that the promise of Fistel on which he relied was the result of the refusal of the plaintiff to recognize any liability on the part of the corporation. His position was that Fistel was liable and the corporation was not. The contention of Fistel now is that the entry of the default against the corporation bars recovery by the plaintiff against Fistel as matter of law. In the circumstances appearing the default cannot be given that effect. It was entered not as the result of a motion of Fistel that the plaintiff be required to make an election or upon a direction of the court to that effect, but upon the plaintiff's own motion. There was at the time no necessity that an election be made. While the default removed the corporation as a participant in the trial, it was not a final disposition of the case against the corporation. *Hooton* v. *G. F. Redmond & Co. Inc.* 237 Mass. 508, 513. *Treasurer & Receiver General* v. *Macdale Warehouse Co.* 262 Mass. 588, 594. No judgment was ever entered on the default. The trial judge had the power in his discretion, for the promotion of justice, at any time before judgment, to remove the default. *Hurnanen* v. *Gardner Automobile Co.* 225 Mass. 189. *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498, 500. G. L. (Ter. Ed.) c. 231, § 57. He exercised that power after verdicts were returned against Fistel and allowed the plaintiff's motions to remove the default and for leave to dis-

continue against the corporation. The plaintiff's choice of a motion to default in order to eliminate the corporation from the trial was ill-advisedly or mistakenly made, but Fistel had no vested right to have the case decided in his favor because of the form of procedure against the corporation thus chosen. *Pearson* v. *Bara*, 263 Mass. 502, 504.

The exceptions of Fistel so far as they pertain to the first three counts are overruled and judgment for the plaintiff is to be entered on the verdicts on these counts. Fistel's exception to the refusal of the judge to direct a verdict for him on the fourth count is sustained and judgment is to be entered for him on that count. G. L. (Ter. Ed.) c. 231, § 122.

*So ordered.*