## CIRCUIT COURT OF AMHERST COUNTY

JD Architectural
Studio, Inc.

v.

Johnny Maddox et al.

May 19, 2004

Case No. CL 5788

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the plea of the statute of frauds by the defendants. The plea of the statute of frauds is sustained. Va. Code § 11-2(8) bars the enforcement of oral agreement.

The plaintiff filed its motion for judgment seeking damages for preparation of design and construction documents for a golf clubhouse in a new development known as Poplar Grove Golf Community. In their responsive pleading, defendants raised the bar of the statute of frauds on the grounds that there was no writing signed by the defendants, and that the contract is not to be performed within a year. Subsequently, the defendants filed a plea of confession and avoidance pursuant to Code § 11-2(8) on the grounds that the agreement was not in writing and signed by the defendants, and that it was not to be performed within one year.

Under the facts, the defendants engaged the plaintiff to provide certain preliminary architectural sketches for Poplar Grove. These sketches were to be used primarily for marketing purposes. The plaintiff was paid in full for the preliminary sketches. In the fall of 2001, plaintiff and defendants began discussions about employment of plaintiff to prepare construction documents and provide construction supervision for the golf clubhouse and the manor house.

By letter dated October 23, 2001, Gerald Dixon, the primary architect for the plaintiff, wrote to the defendants and provided a construction time line for the design, bidding, and construction of the golf clubhouse. The time line

indicated that, if plaintiff services began on October 23, 2001, the project would be finally completed on October 30, 2002, and final move-in would occur on November 15, 2002. Under this time line, the contract would not be performed within a year.

In his letter of October 23, 2001, Dixon stated, "This projection of time is very optimistic and I believe that construction should take 10 months, which would move the date back to January 2003." Thus, in his letter, Dixon suggested that the November 15, 2002, final date may be too optimistic and a more realistic date would be January 2003. Under this more realistic guideline, the design, bidding, and construction for the golf clubhouse would take one year and three months.

Subsequently, by letter of December 18, 2001, Dixon wrote to defendants outlining certain fees to be charged for the manor house and golf clubhouse. Thereafter, by letter dated January 18, 2002, Dixon again wrote defendants and set forth a breakdown of fees for each of the major projects. These fees were different from the fees set forth in the letter of December 18, 2001. Neither the letter of December 18, 2001, nor the letter of January 18, 2002, set forth any schedule or time line for the completion of the golf clubhouse.

Subsequent to January 18, 2002, the plaintiff began architectural drawings for the clubhouse. The plaintiff maintains that they were proceeding under an oral agreement on the terms of the letter of January 18, 2002. The defendants maintain that they did not agree by a signed writing to the terms of the oral contract reflected in the letter of January 18, 2002, and that the oral contract was not to be completed within a year.

The defendants terminated the services of the plaintiff in July 2002. The plaintiff thereupon instituted this litigation for collection of the architectural services rendered to date. According to the testimony of Dixon, the construction plans were 75% complete as of the termination of July 2002.

Va. Code § 11-2(8) provides that, unless an agreement is in writing and signed by the party to be charged, no action can be brought upon the agreement that "is not to be performed within a year." When "it appears by the whole tenor of the agreement that it is to be performed after the year," then the contract is within the statute of frauds and must be in writing and signed by the party to be charged. *Seddon v. Rosenbaum*, 85 Va. 928, 931, 9 S.E. 326 (1889). When, however, by reasonable construction, the agreement can be fully performed by one party within a year, it does not come within the statute of frauds. *Silverman v. Bernot*, 218 Va. 650, 654, 239 S.E.2d 118 (1977).

The letter by Dixon dated October 23, 2001, on its face, establishes that the contract for the golf clubhouse architectural services would not be

performed within a year. Further, the actual time taken by the plaintiff to design 75% of the golf clubhouse supports the time line estimate set forth in the letter of Dixon. It took from January to July to prepare 75% of the architectural plans. If a month is added for bidding and ten months is added for construction, the total time would be seventeen months. Likewise, Thomas Hall, a commercial building contractor with twenty-five years experience, estimated that the normal construction time for the golf clubhouse would be eleven months. If the time for preparation of the architectural plans and bidding is added to the eleven months, clearly the time for completion of the contract would take more than one year.

The plaintiff argues that the project could be accelerated in order to accomplish completion within one year. This, however, was not contemplated in the agreement of January 18, 2002, or any of the preliminary correspondence. Thus, the oral contract between the parties was not a contract to be completed within one year.

Last, the plaintiff argues that the contract could be terminated at will by the defendants within a year and thus not subject to the statute of frauds. In order for termination within a year to remove the contract from the statute of frauds, the contract must expressly provide that the occurrence of the contingency "would constitute full performance." *Falls v. Virginia State Bar*, 240 Va. 416, 419, 397 S.E.2d 671 (1990). Absent such express agreement, the contract would end not by performance, but by termination. Termination and performance are different. *Silverman, supra*, at 655.

In *Falls*, the plaintiff was terminated as an employee of the Virginia State Bar. Falls brought on an action for breach of employment contract. The trial court sustained the plea of the statute of frauds because the contract was not in writing, signed by Falls, and was not to be performed within a year. Falls, however, argued that it could be performed within a year due to either termination or death. The Supreme Court of Virginia held that, because the Falls contract contained no provision providing for full performance in the event of such contingencies, the statute of frauds is applicable. *Falls, supra*, at 419. See Also *Silverman v. Bernot, supra*, at 655.

Just as in *Falls*, in the instant case, there is no express provision in the oral agreement for performance due to termination at will or death. Accordingly, these contingencies do not remove this agreement from the statute of frauds.