# WINTER SESSIONS,

## 1903.

———•———

CHARLES DEVALINGER, defendant below, plaintiff in error, *vs.*
ALEXANDER MAXWELL, plaintiff below, defendant in error.

*Writ of Error—Statute of Frauds; Construction of—Bill of Par-*
*ticulars— Variance—Evidence—Practice—Judgment;*
*Lien of—Contract—Statute; Consti-*
*tionality of.*

1. A certain contract proved in the case *held* not to be a contract for the sale of real estate, and therefore not void under the statute of frauds.

2. The statute of frauds held to apply to contracts which, according to the intent and understanding of the parties, cannot be performed within one year ; or which, by the special terms thereof, are to continue for more than one year ; but not to such as may be performed within one year, or when the performance rests upon a contingency which may happen within a year.

3. The object of a bill of particulars is to give reasonable notice of the subject matter involved, and reasonably inform the defendant as to the nature and character of the claim and the several items thereof, which he may be required to meet. But the Court has never held to exactness of time between the proof and that contained in the bill of particulars.

4. The act of 1893, known as the lien law, *Revised Code, 814,* held to be constitutional and valid—a reasonable time having been given by the terms of the act to judgment creditors in which to renew and continue their liens. Such statute merely affects the remedy for the enforcement of the judgment; that is, it shortens the time for the existence of the lien, without impairing the obligation of the contract.

( *January 18, 1903.*)

·NICHOLSON, CH., LORE, C. J., and SPRUANCE and PENNE-
WILL, J. J., sitting.

*Harry Emmons* for plaintiff in error.

*Edwin R. Cochran, Jr.*, for defendant in error.

Supreme Court, January Term, 1903.

WRIT OF ERROR to the Superior Court for New Castle County.

PENNEWILL, J., delivering the opinion of the Court :.

On or about the seventh day of March, 1893, Alexander Maxwell, the defendant in error, conveyed to Charles Devalinger, the plaintiff in error, certain real estate situated in Middletown in New Castle County, and known as the "National Hotel" property.

The sum of $22,000 had been agreed upon by the parties to the conveyance as the consideration, but prior to the delivery of the deed the grantee was apprised of the existence of an old judgment against the grantor for the real debt of $199.41, with interest thereon from Dec. 10, 1857. This judgment was No. 206 to the March Term, A. D. 1857, of the Superior Court of said county, and was open and unsatisfied upon the records of said court at the time of the conveyance, March 7, 1893. On account of the judgment the grantee, the plaintiff in error, objected to the payment of the entire consideration money as originally agreed upon, and the sum of $21,600 was paid to, and accepted by, the grantor, and the deed delivered by him to the grantee. At the time of the delivery of the deed, however, an agreement is alleged to have been made by the said parties respecting the judgment and the balance of the purchase money to wit, the sum of $400, and, it is that agreement upon which the action in the Court below was based, and with which we have to deal.

According to the testimony of the plaintiff in error, as disclosed by the record, it appears that the sum of $21,600 paid by him at the time of the delivery of the deed was accepted by Maxwell· in full settlement for the property, and that in consideration of the abatement of $400 of the price originally agreed upon, he Dev-

alinger, should and did assume all risks on account of the old judgment.

From the testimony of Maxwell, on the other hand, it appears that no abatement of the original price was made, but that Devalinger agreed to pay the balance of the consideration, to wit, the sum of $400, when the law known as the " Judgment lien law " should go into effect and discharge the real estate from the lien of the judgment. The said law became operative January 1, 1896, and its effect, the defendant in error contends, was to discharge the real estate aforesaid from the lien of the said judgment.

There were numerous assignments of error filed, but the briefs and arguments of counsel cover the following only, viz :

1. The Court below erred in not charging the jury that the contract proved by the plaintiff below as his cause of action, was a contract for the sale of lands and not being in writing was void under the statute of frauds.

2. The Court below erred in not charging the jury that the said contract was one which under its terms could not be performed within the space of one year from the making thereof, and, not being in writing, was void under said statute of frauds.

3. The Court erred in refusing to charge the jury that there was a fatal variance between the contract proved and the bill of particulars filed by the plaintiff below.

In the argument before this Court the plaintiff in error relied mainly upon the first of said assignments of error.

It does not appear that the Court below specifically considered this question, and presumably it was not pressed or argued.

Was the agreement which was made with respect to the payment of the balance of the $400 and upon which the suit was entered in the Court below in any sense an agreement for the sale of lands, and therefore within the operation of the statute of frauds ?

It must be manifest to anyone who carefully reads the testimony in the case, that when Maxwell accepted the sum of $21,600, and delivered the deed to Devalinger, the original agreement respecting the sale of the property was terminated. The title to the real estate in question had then passed from Maxwell, and all his rights therein were extinguished. There was no longer, and could not be at the time the action below was brought, any agreement in existence for the sale of the hotel property from Maxwell to Devalinger. After the discovery of the judgment, and subsequent to the original contract, Maxwell agreed to part with the property for $21,600, and made a new agreement with Devalinger, not in relation to the sale of the real estate, for that was consummated, but in relation to the old judgment and the $400.

Devalinger testified that Maxwell accepted the $21,600 in full payment for the property, and made the abatement of $400 because of the risk the purchaser would assume on account of the judgment. According to his testimony, therefore, the contract, so far as it concerned the real estate, was absolutely closed when the $21,600 was accepted and the deed delivered. According to the testimony of Maxwell he did accept said last named sum, and deliver the deed but that Devalinger then agreed that he would pay him the sum of $400 when the judgment was discharged by the operation of the said law known as the " Judgment lien law ; " and that it was so discharged January 1, 1896.

From no part of the evidence, therefore, does it seem that the agreement sued upon was one respecting real estate, but on the contrary was one that was different from, and subsequent to, the original agreement, and referred to the old lien, and to the $400 which was to be regarded as in the nature of an indemnity till the judgment was discharged. We think, therefore, the Court below did not err in refusing to charge the jury that the contract was void under the statute of frauds.

The case of *Duncan vs. Blair, 5 Denio, 196,* is the only one cited by the plaintiff in error which could be considered as even

remotely bearing on the point under discussion; and this is found upon examination to be not at all in conflict with the conclusion we have reached. In that case there was a contract for the sale and conveyance of land to the plaintiff on terms agreed to by him, the sellers on their part agreeing to pay off and discharge the incumbrances on said land. The Court said: "The contract was entire; it is counted upon as such, and if any contract was established by the evidence it was of that character. Being a mere verbal contract for the sale of land, the statute makes it void. It may be that an agreement to pay off incumbrances would be good, although not in writing; but a stipulation to that effect, forming a part of a verbal agreement for the sale of land is invalid." This is obviously a very different case from the one we are considering. In the case before us the agreement sued upon was in no sense a part of the contract which was made for the sale of real estate, and was not even made at the same time. In the case in Denio the contract was entire, covering both the sale of real estate and the discharge of incumbrances thereon, and it was not pretended that there was any other or different contract.

The plaintiff in error also contends that the contract sued upon was a contract which, under its terms, could not be performed within the space of one year from the making thereof, and not being in writing, was void under said statute and that the Court below erred in refusing to so charge the jury.

We think the Court, in its charge to the jury, stated the law upon this point very clearly and accurately, as follows: "The statute of frauds applies to agreements which, according to the intent and express understanding of the parties at the time of the making thereof, cannot possibly be performed within the space of one year thereafter. If the performance of the agreement within one year from the time of the making thereof be distinctly contrary to and inconsistent with the intent of the parties, at the time of entering into the same, then such an agreement must be evidenced by writing as required by the statute, else a recovery thereon cannot be

had.    But while it is true that when it is clearly the intention of the parties that an agreement shall not be performed within a year it must be reduced to writing or some memoranda or note thereof must be made and signed by the party to be charged therewith, yet it is equally true that the statute does not extend to an agreement which may, by any possibility, be performed within a year, in accordance with the understanding and intention of the parties at the time when the agreement was entered into.    And if the specific time of performance be not determined upon at the time of the making of the contract, yet if by any possibility it may be performed within a year, the statute does not apply, and such an agreement need not be in writing.    And likewise when the performance of the agreement rests upon a contingency which may happen within a year."

The cases cited by the plaintiff in error are not in conflict with the law as here stated.    They were for the most part cases in which the courts held that while a suit could not be maintained upon a verbal contract which was not to be performed within one year, yet suits could be maintained to recover for services actually rendered where there had been a performance of the contract.    He cites no authority inconsistent with the proposition that the statute does not apply if the agreement sued upon may be performed within one year.

The contention of the plaintiff in error with reference to a variance between the bill of particulars filed by the plaintiff below and the proof cannot be sustained for the reason that there was no such variance as the law regards as fatal in such cases.

The bill of particulars was as follows: " Charles Devalinger to Alexander Maxwell, Dr., January 1, 1896.   To balance of purchase money of National Hotel property, Middletown, Delaware, promised to be paid January 1, 1896, $400.   Interest on same from January 1, 1896."

Maxwell testified that Devalinger agreed to pay the $400 whenever the old judgment was discharged by the operation of the

above mentioned law; and that it was in fact so discharged January 1, 1896, the time when the law became effective.

There was, therefore, a substantial agreement between the bill of particulars and the proof. Perfect exactness and agreement are not required. It is sufficient if the defendant is reasonably informed, by the bill of particulars, of the subject matter involved, the nature and character of the claim, and the several items thereof, which he may be required to meet. We think there was no error in the statement of the law by the Court below upon this point.

There is another assignment of error, which involves the constitutionality of a statute of this State, and upon which it may be well for this Court to express an opinion, although it was not referred to in the argument before us. The reason it was not argued was perhaps because the plaintiff in error had become satisfied that the charge of the Court below upon that point was free from error.

We allude to the statute—*Chapter 778, Volume 19, Laws of Delaware—(Rev. Code, 814)*, entitled " An Act Limiting Judgment Liens upon Real Estate, and for other Purposes," passed May 4, 1893. Section 3 of that act provides that " After the first day of January, A. D. 1896, no real estate shall be seized or taken by virtue of execution process upon any judgment for the recovery of money entered or recorded in the Superior Court of this State in any county prior to the first day of January, A. D. 1886, and wholly due and payable on or before the day and year aforesaid; and from and after said first day of January, A. D., 1896, the lien of such judgment upon real estate shall be lost, unless prior to that time such lien shall be renewed and continued by agreement filed, or *scire facias* sued out in manner as provided in the preceding section of this act." Section 1 provides " that no judgment for the recovery of money, hereafter entered or recorded in the Superior Court of this State in any county, howsoever recorded in said Court, shall continue a lien upon any real estate for a longer term than ten years next following the day of entry or recording of such judgment," etc.

The said act, before it went into effect, was limited in its operation to New Castle County.

The Court below rightfully declared "That it was competent for the Legislature to pass said act, shortening the time during which the lien of a judgment entered thereafter may continue upon real estate without a renewal of such judgment, and that its application to the lien of judgments which had attached before the passage of the said act, is not open to any constitutional objection—a reasonable time, from May 4, 1893, to January 1, 1896, having been given by the terms of the act to judgment creditors in which to renew and continue their liens. The statute merely affects the remedy for the enforcement of the judgment in shortening the time of the existence of the lien thereof without renewal as provided by the act. And it does not impair the obligation of the contract of the judgment creditor."

*1 Black on Judgments, Sec. 403; McCormack vs. Alexander, 2 Ohio, 66; The Bank of United States vs. Longworth & Wright, 1 McClear, 35; Cooley's Const. Lims. (5th Ed.) top page 384, star page 287.*

We are clearly of the opinion that the effect of said act was to to discharge the real estate of Maxwell, the plaintiff below, from the lien of said judgment on the first day of January, 1896.

The judgment of the Court below is affirmed.