WALERYAN DUCHATKIEWICZ and HELEN V. DUCHATKIEWICZ, his wife,

*vs.*

AGNES J. GOLUMBUSKI, and STANISLAW TYBURSKI and KATRIZINA TYBURSKI, his wife.

*New Castle, Oct. 21, 1920.*

If an oral agreement by any possibility may be performed within one year, it is valid notwithstanding the Statute of Frauds.

An oral agreement whereby defendant should purchase at a sheriff's sale certain real estate, hold it for complainant's benefit, and, on being reimbursed for expenses should convey to complainants, the time to be allowed to complainants for performance on their part to be one year or thereabouts from the date of the settlement with the sheriff and delivery of the deed poll, *held* not within the Statute of Frauds, since it did not appear that the contract could not be performed within one year.

*Robert Adair*, for complainants.
*Harry P. Joslyn*, for defendants.

THE CHANCELLOR. The bill is to enforce specific performance of an oral agreement between the complainants and Agnes J. Golumbuski, one of the defendants, by which she should purchase at a sale to be held by the sheriff certain real estate, hold it for the benefit of the complainants and upon being reimbursed by them the amount expended in the purchase to convey it to the complainants, "the time to be allowed to the said complainants for performance on their part to be one year or thereabouts, from the date when settlement was made with the sheriff and the said deed poll was duly executed and delivered by him to the said" defendant.

A demurrer was filed to the bill, the first ground being that the agreement violated the Statute of Frauds in that it was an oral agreement "that is not to be performed within the space of one year from the making thereof." It was urged for the complainants that the portion of the statute referred to did not apply to contracts concerning real estate; but it is unnecessary to so hold, for the contract in this case is not within the particular part of the statute above referred to.

In this State the law is settled authoritatively that if any agreement by any possibility may, under the contract, be performed within one year it is valid notwithstanding the statute; or rather, unless it appear that the contract could not possibly be performed within one year from the making thereof, its enforcement is not prohibited by the statute. This was established by the Supreme Court in the case of *Devalinger v. Maxwell*, 4 *Pennewill*, 185, 54 *Atl.* 684 (1903), wherein it appears that Maxwell in 1893 conveyed to Devalinger real estate, and four hundred dollars, part of the purchase money, was withheld by the purchaser because of an old unsatisfied judgment then a lien on the property sold. The grantor claimed that the grantee agreed to pay the balance of the purchase money when the lien of the judgment should expire on January 1, 1896, and after that date sued for and recovered judgment for the unpaid portion of the purchase money. In the Supreme Court on a writ of error it was urged for Devalinger, the purchaser, among other things, that the contract respecting the sum of four hundred dollars was void under the Statute of Frauds on the ground that it was one which by its

terms could not be performed within one year from the making thereof, and that the Court below erred in not so charging the jury. The Supreme Court found, however, that there was no error below, and said that "the statute does not apply if the agreement sued on may be performed within one year." The Court quoted language of the Court below as a clear and accurate statement of the law, the substance of which is this: .

"The Statute of Frauds applies to agreements which according to the intent and express understanding of the parties at the time of the making thereof cannot possibly be performed within the space of one year thereafter."

The agreement sued on here is one which according to the intent and express understanding of the parties at the time it was made could possibly be performed within a year from the making thereof. The time when the sheriff's deed would be delivered was uncertain. At least it does not appear that it could not have been delivered within a year of the making of the contract. Therefore, as the situation was at the time the contract was made, the sheriffs' deed, for aught that appears in the bill, might be delivered within one year from the making of the contract and the complainants might reimburse the defendant, Agnes J. Golumbuski, within one year from the making of the contract; and because it does not appear that the deed could not have been so delivered, the agreement was not one not to be performed within a year from the making thereof. The statute applies only to cases where there cannot be an actionable breach within a year, or the agreement does not admit of a valid execution within a year, and it does not apply if the agreement is capable of being performed within a year. The demurrer being based on the Statute of Frauds, must be overruled, inasmuch as the contract as alleged is not invalidated by the act.

Another ground of demurrer was based on the lack of an allegation of tender of performance within a year, but no acceptable reason was urged in support of this ground, and the demurrer will be overruled as to this point also.

Let an order be entered accordingly.