HAVEG CORPORATION, a corporation of the State of Delaware, Defendant Below, Appellant, and HAVEG INDUSTRIES, INC., a corporation of the State of Delaware Formed in 1964, Appellant and Successor to Haveg Industries, Inc., a Delaware corporation, Defendant Below, v. HUBERT A. GUYER, trading as Hubert A. Guyer Company, Plaintiff Below, Appellee.

(*July* 1, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*John P. Sinclair,* of Berl, Potter & Anderson, for defendants below, appellants.

*Victor F. Battaglia* and *Samuel Spiller,* of Theisen & Lank, for plaintiff below, appellee.

Supreme Court of the State of Delaware. No. 10, 1965.

HERRMANN, Justice.

This is a contract case in which the defendants moved for summary judgment. The Superior Court denied the motion and the defendants appeal. The plaintiff has moved to dismiss the appeal on the ground that the Superior Court neither adjudicated any legal right nor settled any substantial issue in the cause; that, therefore, this court lacks jurisdiction to entertain the appeal.

The action is based upon the breach of five alleged oral contracts. According to the complaint, the defendants Haveg Corporation and Haveg Industries, Inc. agreed to give to the plaintiff, Hubert A. Guyer, all of their requirements for cutting and sewing certain nylon phenolic tape used by the defendants in their production; and the plaintiff agreed tp establish and maintain plant facilities to fulfill such requirements. It was agreed, according to the plaintiff, that the contracts were exclusive and were not to terminate until the defendant had no further requirement for the services involved.

On their motion for summary judgment, after necessarily accepting the view of the facts most favorable to the plaintiff, the defendants contended that they are entitled to summary judgment because: (1) the defendants' employees had no express, implied, or apparent authority to commit the defendants to exclusive contracts having no foreseeable termination date; (2) the alleged contracts were too indefinite to enforce; (3) the alleged contracts were terminable at will; and (4) the alleged contracts violated the Statute of Frauds. In denying the motion for summary judgment, the Superior Court dealt with each of the above grounds. See *Guyer v. Haveg Corporation*, Del., 205 A. 2d 176 (1964).

I.

The Superior Court concluded that the defendants' employees had no express or implied authority to enter into the alleged contracts. No appeal having been taken from that conclusion, it stands as the law of the case.

## II.

The Superior Court also concluded that the alleged oral agreements were not governed by the Statute of Frauds.

By virtue of the 1960 Amendment to the Delaware Constitution [Art. 4, Sec. 11 (1) (a)] , *Del. C.* Ann., our scope of review in appeals from interlocutory orders of the Superior Court is the same as theretofore existed in appeals from interlocutory orders of the Chancery Court. Accordingly, as in Chancery cases, an interlocutory order of the Superior Court is appealable only when it determines substantial issues and establishes legal rights. *Wagner v. Shanks,* Del., 194 A. 2d 701 (1963); *Sterling Drug, Inc. v. City Bank Farmers Trust Co.,* 38 Del. Ch. 444, 154 A. 2d 156 (1959).

The conclusion of the Superior Court as to the application of the Statute of Frauds settled a substantial issue adversely to the defendants and, therefore, it is properly before us for review.

The question for decision in this facet of the case is whether a contract contemplating continued performance for an indefinite period of time comes within the Statute of Frauds.[1]

The majority rule is that an oral promise of a long-extended performance, which the agreement provides shall come to an end upon the happening of a certain condition, is not within the Statute of Frauds if the condition is one that may happen in one year. See 2 Corbin on Contracts Sec. 446; Annotation, 129 A.L.R. 534. There is a minority rule to the contrary, exemplified by cases such as *Cohen v. Bartgis Bros. Co.,* 264 App. Div. 260, 35 N. Y. S. 2d 206 (1942) aff'd. 289 N. Y. 846, 47 N. E. 2d 443; *Tostevin v. Douglas,* 160 Cal. App. 2d 321, 325 P. 2d 130

---

[1]The Delaware Statute of Frauds (6 *Del. C.* Sec. 2714) provides:

"No action shall be brought to charge any person upon any agreement * * * that is not to be performed within the space of one year from the making thereof. * * *unless the contract is reduced to writing, or some memorandum, or notes thereof, are signed by the party to be charged therewith, or some other person there unto by him lawfully authorized in writing * * *."

(1948); *Burkle v. Superflow Mfg. Co.,* 137 Conn. 488, 78 A. 2d 698 (1951).

The Superior Court applied the majority rule and held that, since the defendants' requirements for the services to be rendered under the alleged contracts may have actually and finally terminated within a year, the Statute of Frauds does not apply.

We agree with the Superior Court's conclusion on this point. It has been the law in Delaware for many years that the Statute of Frauds does not apply to a contract which may, by any possibility, be performed within a year. In *Devalinger v. Maxwell,* 4 Pennewill 185, 54 A. 684, 686 (1903), this court approved the following statement of the rule:

"* * * the statute [of frauds] does not extend to an agreement which may by any possibility be performed within a year, in accordance with the understanding and intention of the parties at the time when the agreement was entered into. And if the specific time of performance be not determined upon at the time of the making of the contract, yet, if by any possibility it may be performed within a year, the statute does not apply, and such an agreement need not be in writing. And likewise when the performance of the agreement rests upon a contingency which may happen within a year."

And in *Duchatkiewicz v. Golumbuski,* 12 Del. Ch. 253, 111 A. 430 (1920), the Chancellor stated:

"In this state the law is settled authoritatively that if any agreement by any possibility may, under the contract, be performed within one year it is valid notwithstanding the statute [of frauds]; or rather, unless it appear that the contract could not possibly be performed within one year from the making thereof, its enforcement is not prohibited by the statute. * * *"

We approve and adhere to the rule as thus stated and restated.

Since the defendants were unable to show that the alleged

contracts could not possible be performed within a year, we affirm the conclusion of the Superior Court that the alleged agreements are not within the Statute of Frauds.

### III.

Addressing ourselves now to the other issues raised in the Superior Court, we are of the opinion that no other right was adjudicated or other substantial issue determined adversely to the defendants; that, therefore, the order of the Superior Court as to those issues is unappealable. The opinion of the Superior Court determined the question of appealability. *Wilmington Trust Company v. Pennsylvania Company*, Del. Ch., 172 A. 2d 63 (1961).

As to the apparent authority issue, the Superior Court stated:

"Although the matter is not free from doubt, viewing the evidence, as I must at this stage, in the light most favorable to the plaintiff, I'm not prepared to rule as a matter of law that there is no evidence upon which a finding of apparent authority could be based."

As to the related issue of promissory estoppel, the Superior Court stated:

"There appears to be issue of fact as to whether Guyer changed his position because representations were made to Guyer on which Guyer was known to rely. There may be an estoppel under such circumstances. * * *."

It appears from this language that the Superior Court made no decision as to apparent authority or promissory estoppel; that it declined to pass upon those issues; and that it ruled only that the defendants are obliged to go to trial thereon. If that is the full extent of the ruling, the order denying summary judgment is clearly not appealable as to the apparent authority and promissory estoppel issues.

The defendants contend, however, that the Superior Court determined substantial issues and committed factual and legal error when it expressed its views and impressions as to the possible existence of apparent authority, based upon the plaintiff's showing at this stage. But only judicial decisions are appealable—not judicial views and impressions, especially those subject to change upon further evaluation of both sides of the case. We think that no statement made by the Superior Court as to apparent authority or promissory estoppel amounts to the adjudication of a right. If and when the thought objected to ripen into a determination of a substantial issue, the review now sought prematurely will be available.