**BRUNSWICK CORPORATION, Defendant Below, Appellant,**

v.

**BOWL–MOR COMPANY, INC., Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 25, 1972.

Paul Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, Harold M. Willcox and Jack R. Pirozzolo, of Herrick, Smith, Donald, Farley & Ketchum, Boston, Mass., for appellee.

John P. Sinclair, of Potter Anderson & Corroon, Wilmington, for appellant.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices, sitting.

WOLCOTT, Chief Justice:

This is an appeal by Brunswick Corporation from an interlocutory Order of the Court of Chancery which, in part, denied Brunswick's motion for summary judgment and, in part, granted its motion for summary judgment, Del., 297 A.2d 61, reserving to Bowl-Mor Company, Inc. the right to move to open that part of the summary judgment if facts produced at a hearing on the merits warranted it.

Bowl-Mor has moved to dismiss the appeal on the ground that the interlocutory Order is not appealable, because it has not determined substantial issues and established legal rights. We ordered the motion to dismiss the appeal set down separately for argument prior to argument on the merits.

This lawsuit has been in litigation for approximately seven years. It was brought by Bowl-Mor against Brunswick alleging interference by Brunswick with Bowl-Mor's business and contractual relationships with its customers, the lessees of Bowl-Mor's automatic bowling machinery. Bowl-Mor usually provided financing to its lessees

through a lease which was then sold, with recourse, to one of two credit corporations. During the course of this protracted litigation, Bowl-Mor, allegedly by reason of the unfair interference with these business relationships by Brunswick, went into bankruptcy. The lawsuit is now carried forward by the trustees in bankruptcy.

Brunswick filed a motion for summary judgment in Chancery as to claims asserted by Bowl-Mor based on Brunswick's alleged interference with (1) any contractual relationship between Bowl-Mor and bowling lane operators whose leases had been assigned to the credit companies, and (2) with prospective customers of Bowl-Mor. The Chancellor granted summary judgment to the effect that there was no contractual relationship existing between Bowl-Mor and its lessees by reason of the assignment by Bowl-Mor of all its title and interest in the leases when it sold to the credit companies. The Chancellor, however, reserved to Bowl-Mor the right to reopen this portion of the summary judgment in the event evidence brought before the Court at trial on the merits indicated that it did have some sort of interest with its lessees arising out of its obligation to service its bowling equipment leased to the operators.

The Chancellor denied summary judgment to Brunswick on its assertion that it had not improperly interfered with prospective customers of Bowl-Mor by purposefully causing such customers to discontinue their business relationships with Bowl-Mor. The Chancellor was of the opinion that decision on this issue must await full development of the facts. From this denial of summary judgment, Brunswick appeals.

Bowl-Mor, in support of its motion to dismiss the appeal, argues that the action of the Chancellor did not settle any legal issues nor establish any legal right. It is argued that the effect of the Chancellor's ruling was merely to hold that the ultimate decision would depend upon facts which may be discovered and proven at a hearing on the merits.

■ In Wilmington Trust Co. v. Pennsylvania Co., Del.Supr., 40 Del.Ch. 1, 172 A.2d 63 (1961), this Court held that the denial of a motion for summary judgment is not necessarily nonappealable if it in fact determines a substantial issue and a legal right. In determining whether or not this is the result, the Court may consider the Order entered, the pleadings and the issues made by them and, most important, the Opinion of the Court below denying summary judgment.

■ A litigant has no absolute right to the entry of summary judgment. The application for summary judgment is always addressed to the discretion of the Trial Judge, and ordinarily the denial of such a motion on the ground that there are insufficient facts in the record to determine that under all circumstances the moving party is entitled to summary judgment, will not be disturbed on appeal except in rare circumstances, absent which the denial of summary judgment is not appealable.

■ We think the interlocutory Order before us is not one of the rarities. The matter is controlled, we think by Haveg Corp. v. Guyer, Del.Supr., 211 A.2d 910 (1965). In that case we again approved the rule that if summary judgment upon any particular issue is denied on the ground that a trial on the merits is desirable to determine the issue, the Order denying summary judgment on that issue is clearly not appealable.

Brunswick, however, argues that in the course of his Opinion denying it summary judgment on the issue of business interference, the Chancellor refused to apply the law set forth in Restatement of Torts, § 768 which he held to be too narrow in scope, and ruled that it was necessary to take evidence upon the issue. Brunswick argues, therefore, that necessarily a substantial legal issue has been determined by the Chancellor.

■ We think, however, to the contrary. The expression of the Chancellor upon a

particular rule of law to be applied does not amount to a judicial decision. The matter is again controlled by *Haveg* in which case we specifically held that the expression of judicial views and impressions, "especially those subject to change upon further evaluation of both sides of the case", are not judicial decisions and, hence, are not appealable when contained within interlocutory rulings. We decline to depart from our ruling in *Haveg*.

The motion to dismiss the appeal is granted.