Loraine L. BRANDNER, Plaintiff,

v.

DELAWARE STATE HOUSING AU-
THORITY, a public corporation of the
State of Delaware, Defendant.

Court of Chancery of Delaware,
Kent County.

Submitted: Aug. 15, 1991.
Decided: Sept. 11, 1991.

John C. Andrade of Parkowski, Noble &
Guerke, P.A. Dover, for plaintiff.

Richard R. Wier, Jr., and Thomas C. Mar-
coni of Prickett, Jones, Elliott, Kristol &
Schnee, Wilmington, for defendant.

## OPINION

CHANDLER, Vice Chancellor.

This case presents a legal rara avis: a
clear and concise issue of law. Plaintiff
Loraine L. Brandner is suing her former
employer, the Delaware State Housing Au-
thority (the "Authority"), for breach of an
oral contract of employment which she al-
leges provided that she not be fired except
for "good cause." Specifically, the plain-
tiff claims that it was agreed that the job
security provided state employees under
the State Merit System rules would apply
to her. She seeks reinstatement and dam-
ages.

Rather than answering the complaint,
the Authority moved to dismiss on various
grounds. I considered these grounds and
found them meritless in my bench ruling of
July 19, 1991. At the hearing on its motion
to dismiss, the Authority, for the first time,
urged an additional ground for dismissal:
that the oral contract is unenforceable un-
der the Statute of Frauds. This is my
decision on that issue.

Accepting, as I must, the well-pled factu-
al allegations of the complaint as true, the
question becomes: is an oral contract of
employment for an unspecified term, with a
provision that the employee shall not be
terminated except for good cause, unen-
forceable under the Delaware Statute of
Frauds?

6 *Del.C.* § 2714 provides that:
(a) No action shall be brought to charge
any person upon any agreement ... that
is not to be performed within the space
of one year from the making thereof ...
unless the contract is reduced to writing,
or some memorandum, or notes thereof,
signed by the party to be charged there-
with, or some other person thereunto by
him lawfully authorized in writing....
The language "not to be performed within
the space of one year" is held to mean
"which could not possibly be performed
within the space of one year." *Haveg
Corp. v. Guyer,* Del.Supr., 211 A.2d 910
(1965). That is, if a contract *may be* per-
formed within a year, the statute does not
apply.

While the precise question before me (the
enforceability of an oral employment con-
tract binding the employer not to terminate
without good cause) does not appear to
have been examined in this jurisdiction,[1] it

---

1. *Haveg Corp. v. Guyer, supra,* found a service
contract for an indeterminate period to be en-
forceable notwithstanding the Statute of Frauds.

*Compare Kirschling v. Lake Forest School Dis-
trict,* 687 F.Supp. 927 (D.Del.1988); *Guyer v.
Haveg Corp.,* Del.Super., 205 A.2d 176 (1964)

is easily resolved. Employment contracts of indefinite duration *may be* completed within one year and, thus, may be enforced notwithstanding the Statute of Frauds.

The Authority points out that the contract at issue here contains a provision (indeed *the* provision upon which plaintiff's case rests) prohibiting the employer from terminating the employee without good cause. This, claims the Authority, binds the employer to a "perpetual" employment contract, one which may last forever and is thus unenforceable under the one-year provision of the Statute of Frauds. However, the Authority's reasoning is flawed. It is true that the contract at issue may last longer than one year. In fact, the plaintiff was employed by the Authority for several years prior to termination. Such a contract, nevertheless, *may be* completed within a year, in at least two ways: if the employee elects to terminate employment in less than a year, or if the employee acts in a manner which amounts to "good cause" for her termination, and the employer elects to fire her. In either of these situations, should they occur within one year of the formation of the contract, the contract is completed within one year. Thus, the Statute of Frauds does not apply. This is unlike the situation where parties contract for employment for a specific period in *excess* of one year, to which the Statute of Frauds may apply. *See Kirschling v. Lake Forest School District,* 687 F.Supp. 927 (D.Del.1988).

The Authority points to two cases which, it argues, support its position. *Asher v. A.I. DuPont Institute of the Nemours Foundation,* Del.Super., C.A. No. 84C–JL–71, Martin, J., 1987 WL 14876 (June 19,

1987) involved the issue whether the plaintiff's contract of employment made him an employee at will, or whether, as the plaintiff argued, he could be fired only for cause. After finding that the plaintiff's contractual claims failed for want of consideration, the court in *Asher* went on to say, in dicta:

> Asher testified in his deposition that the ultimate basis for his claim to permanent employment with dismissal only for cause was the oral contract he entered into on the first day of his employment.... Even accepting such as true for the purpose of this motion, the Statute of Frauds, 6 *Del.C.* Section 2714, requires a contract that *cannot* be performed within one year to be in writing. Asher's entire case rests on the idea that he was to be given career, lifetime or permanent employment at the Institute. *Specifically he testified that he had been hired for 10 years, long enough to qualify for pension benefits, and perhaps as long as 20 years.... Based on Asher's own testimony, it seems that the alleged oral contract at issue here could not have been performed within one year.* (Emphasis added).

It appears that Judge Martin's rationale for the statement was that the plaintiff in *Asher* was trying to enforce an oral contract for a specific period (of sufficient length to qualify for pension benefits) longer than one year. Thus, *Asher* is distinguishable from the instant situation.

The other case cited by the Authority is *Lilley v. Weyerhaeuser Mortgage Co.,* C.A. No. 88–159–JRR, Roth, J. (D.Del.1989). *Lilley* involved a summary judgment mo-

(oral employment contracts for specific periods longer than one year unenforceable under Statute of Frauds).

The enforceability of employment contracts of indefinite duration appears to have been implicitly recognized in a number of Delaware cases. *See, e.g., Haney v. Laub,* Del.Super., 312 A.2d 330 (1973); *Mann v. Cargill Poultry Inc.,* C.A. No. 88C–AU–37, Graves, J., 1990 WL 91102 (June 13, 1990); *Emory v. Nanticoke Homes, Inc.,* Del.Super., C.A. No. 82C–MR–14, Ridgely, J. (July 19, 1985); *L.H. Doane Associates, Inc. v. A. Barry Seymour,* Del.Super., C.A. No. 83A–MR–1, Poppiti, J. (June 19, 1984). Those cases

involved oral employment contracts for indefinite periods. The issue in each was whether the original employment contracts, under which the plaintiff was an employee at will, had been modified. Implicit in each decision is a holding that oral employment contracts for an indeterminate period are not unenforceable under the Statute of Frauds—otherwise the discussions of modification would be unnecessary. *See also* the discussion of *Asher v. A.I. DuPont Institute of the Nemours Foundation,* Del.Super., C.A. No. 84C–JL–71, Martin, J., 1987 WL 14876 (June 19, 1987), *infra.*

tion by the defendant employer with respect to the plaintiff's claim that he should not have been discharged without good cause. The plaintiff in *Lilley* apparently did not claim that his oral employment contract provided that he not be fired except for cause; he argued that his termination was actionable because it was "willful and wanton and was conducted in bad faith." Judge Roth, citing *Heideck v. Kent General Hospital, Inc.*, Del.Supr., 446 A.2d 1095 (1982), found that Lilley was an employee at will:

> A party, who is not hired on the basis of a written contract setting out the terms, conditions, or duration of employment, *is not orally promised employment* for a definite length of time, and does not feel bound to work for the employer for a fixed term, is an at-will employee under Delaware law.... Analyzing the employment agreement ... it is clear that plaintiff was an at-will employee. As a result, it was within defendant's power to discharge him on the slightest whim. (Emphasis added).

Another issue in *Lilley* was the enforceability of an alleged provision of the employment agreement that the plaintiff be given a certain sales territory. With respect to that issue, Judge Roth found the contract unenforceable:

> Plaintiff concedes that no writing exists to prove that defendant promised him any particular exclusive territory; furthermore, nowhere does plaintiff contend that the alleged oral promises were limited to a definite time frame of less than one year. Under these circumstances, the Delaware Statute of Frauds would render the oral agreements unenforceable. *Cf. Guyer v. Haveg Corp.*, [*supra*]. (An oral contract to perform services for a specified period exceeding one year violates the Statute of Frauds even though

the contract may be terminated within one year).

To the extent that the Court's reasoning in *Lilley* is that any oral agreement which *may not* be completed within one year is unenforceable under the Statute of Frauds, it is inconsistent with established Delaware law, including the *Guyer* case, and with its own analysis of the employee at will issue.[2] For these reasons, I do not find the reasoning in *Lilley* persuasive.

The alleged oral contract at issue in this case was capable of completion in less than one year. Accordingly, it is not within the Statute of Frauds. *Haveg Corp. v. Guyer*, Del.Supr., 211 A.2d 910 (1965). The Authority's motion to dismiss must, therefore, be denied.[3]

IT IS SO ORDERED.

---

**2.** That is, if the employment contract was unenforceable under the Statute of Frauds there was no need to analyze its terms to determine whether Lilley was an employee at will.

**3.** The plaintiff has argued that, even if the Statute of Frauds applies to oral employment contracts of indefinite duration, there are a number

of reasons that it does not apply to the *instant* contract. These include part performance and the existence of a confirmatory memorandum. Because of my decision that the Statute of Frauds does not apply, I have not considered these arguments.