# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WORLD CLASS WHOLESALE, LLC, )<br>a Delaware Limited Liability Company, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>STAR INDUSTRIES, INC., )<br>a New York Corporation, )<br> )<br>Defendant. ) | C.A. No. N17C-05-093 MMJ |

Submitted: March 7, 2018
Decided: May 22, 2018

## OPINION

John G. Harris, Esq. (Argued), Sean A. Meluney, Esq., Berger Harris LLP, Attorneys for World Class Wholesale, LLC

Adam Balick, Esq. (Argued), Balick & Balick, LLC, Attorney for Defendant Star Industries, Inc.

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

This case arises out of an alleged alcohol distribution agreement. Plaintiff World Class Wholesale, LLC ("WCW") is licensed as an alcohol wholesaler in Delaware. Defendant Star Industries, Inc. ("Star") is an alcohol supplier headquartered and incorporated in New York. WCW claims that it entered into an oral contract with Star in which WCW agreed to be the exclusive distributor of Star's products in Delaware for an indefinite period of time. When Star voluntarily

surrendered its Delaware out-of-state liquor supplier's license and ceased doing business in Delaware, WCW initiated an action against Star before the Office of the Delaware Alcoholic Beverage Control Commissioner.

Before the Commissioner, WCW argued that the surrender of the license constituted an involuntary termination of distribution rights without good cause pursuant to Rule 901 of Title 4 of the Delaware Administrative Code. WCW sought $160,000 in compensation. The Commissioner held that Rule 901 did not apply, reasoning that the purpose of Rule 901 "is to compensate a wholesaler for building a brand where another wholesaler in the state ultimately reaps the rewards of such building and labor . . . . This present matter is not a scenario where Star's products are coming into Delaware though a different wholesaler while at the labor of WCW."[1]

In spite of the Commissioner's ruling, which WCW does not appeal here, WCW seeks damages as if Rule 901 did apply, referencing alleged violations of Rule 901 in its breach of contract claim in its complaint. In addition to the breach of contract claim, WCW also brings claims under the theories of breach of the implied covenant of good faith and fair dealing, promissory estoppel, and unjust enrichment.

In response, Star has filed two motions to dismiss. Star seeks dismissal of the breach of contract, breach of the implied covenant of good faith and fair dealing, and

---

[1] Star Industries, Inc.'s Mot. to Dismiss Pursuant to Superior Court Rule 12(b)(1), Ex. B, at 5.

2

the unjust enrichment claims.

## MOTION TO DISMISS STANDARD

In a Rule 12(b)(6) motion to dismiss, the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[2] The Court must accept as true all well-pleaded allegations.[3] Every reasonable factual inference will be drawn in the non-moving party's favor.[4] If the claimant may recover under that standard of review, the Court must deny the motion to dismiss.[5]

## ANALYSIS

### Motion to Dismiss the Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing Claims

Star contends these counts should be dismissed because the alleged underlying oral promise violates the Statute of Frauds. The Delaware Statute of Frauds prohibits an action from being brought based on an "agreement that is not to be performed within the space of 1 year from the making thereof . . . unless the contract is reduced to writing . . . signed by the party to be charged therewith."[6] "It

---

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[3] *Id.*

[4] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).

[5] *Spence*, 396 A.2d at 968.

[6] 6 *Del. C.* § 2714. The Court notes that the February 28, 2014 agreement WCW cited in its opposition brief has no effect on this Statute of Frauds analysis, because Star was not a party to that written agreement.

3

has been the law in Delaware for many years that the Statute of Frauds does not apply to a contract which may, by any possibility, be performed within a year."[7]

WCW does not argue that the term of the contract was greater than one year. Instead, it admits that the Agreement was of an "indefinite term" expected to last "for the foreseeable future."[8] WCW argues that because the contract could have been terminated for "good cause" at any point, including within one year, the agreement could have been performed within one year, rendering the Statute of Frauds inapplicable.[9]

In response, Star relies on a principle enunciated in *Milton Abeles, Inc. v. Farmers Pride, Inc.*,[10] a case decided in the Eastern District of New York: "If the only way to complete a contract within one year is to breach the contract, the contract does not satisfy the Statute of Frauds."[11] While New York and Delaware apply the statute of frauds "similarly,"[12] the jurisdictions appear to differ in their treatment of oral contracts with an indefinite term.

---

[7] *Haveg Corp. v. Guyer*, 211 A.2d 910, 912 (Del. 1965) (citing *Devalinger v. Maxwell*, 54 A. 684, 686 (1903)).

[8] Am. Compl. ¶¶43, 85.

[9] As this is a motion to dismiss, the Court must accept as true WCW's allegation in its amended complaint that Star breached its contract with WCW by "[t]erminating the contract without good cause." Am. Compl. ¶ 112 (ii).

[10] 2007 WL 2028069, at *1 (E.D. N.Y.).

[11] *Id.* at *3 (citing *Alan Skop, Inc. v. Benjamin Moore, Inc.*, 909 F.2d 59, 65 (2d Cir.1990)).

[12] *Dweck v. Nasser*, 2010 WL 972780, at *1 (Del. Ch.) (noting that a choice of law between New York and Delaware in a statute of frauds case "is without consequence, as both jurisdictions apply the rule similarly.").

4

Contrary to *Milton*, the Court of Chancery in *Brandner v. Delaware State Housing Authority*,[13] explicitly held that the possibility of the termination of an indefinite employee contract for good cause is a scenario in which "the contract is completed within one year. Thus, the Statute of Frauds does not apply."[14] Though the oral agreement at issue in this case is not an employment contract, the Court sees no reason why the logic in *Brandner*—good cause termination is a way an indefinite contract may be performed within one year—would be inapplicable to a distribution agreement. Though New York law on the statute of frauds may generally be similar to Delaware, the Court is bound to follow Delaware law when the two conflict.

Therefore, viewing the facts in the light most favorable to the non-moving party, WCW has alleged that the contract contained a "good cause" termination clause. Under Delaware law, such a clause allows for a contract with an indefinite term to be performed within one year. Thus, the statute of frauds does not prevent enforcement of the agreement. The Court hereby denies Star's motion to dismiss the breach of contract and breach of the implied covenant of good faith and fair dealing claims.

Motion to Dismiss the Unjust Enrichment Claim

"Unjust enrichment is 'the unjust retention of a benefit to the loss of another,

---

[13] 605 A.2d 1 (Del. Ch. 1991).
[14] *Id.* at 2.

5

or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.' The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law."[15]

WCW alleges unjust enrichment based on its allegation that Star failed to fairly compensate WCW for the "servicing, maintenance, marketing, and promotional services" WCW provided Star.[16]

The Court finds that Star no longer conducts business in Delaware. Therefore, it cannot be said that Star is retaining the benefit of WCW's services.[17]

However, WCW signed a $50,000 note payable to Star's former Delaware distributor. WCW contends that Star was obligated to compensate the former distributor $50,000 upon termination. WCW's note relieved Star of that obligation. WCW alleged at oral argument that at least a portion of the note remains outstanding.

Viewing the facts in the light most favorable to the non-moving party, WCW has established a *prima facie* case for unjust enrichment with regard to the $50,000

---

[15] *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010) (quoting *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988)).

[16] Am. Compl. ¶ 138.

[17] WCW made a bare-bones allegation that these services provide some benefit to Star in New York, where it continues to operate. On its face, this allegation does not appear plausible and does not meet even the notice pleading requirement. However, if evidence at trial demonstrates that the services provide some value to Star in New York, damages may be added at that time.

6

payment allegedly made at Star's request and on Star's behalf. The Court finds that no other allegations are adequately pled for a claim of unjust enrichment. Therefore, the Court hereby grants in part and denies in part Star's motion to dismiss the unjust enrichment claim.

## CONCLUSION

WCW alleged that the oral contract for an indefinite term between the parties contained a termination for good cause provision. Such a provision provided a possible way for the contract to be performed in one year. Under Delaware law, the statute of frauds is thus rendered inapplicable. Star's motion to dismiss the breach of contract and breach of the implied covenant of good faith and fair dealing claims is hereby **DENIED.**

WCW's claims that its Delaware services provide Star a benefit when Star no longer does business in Delaware are without merit. WCW has sufficiently pled unjust enrichment as to the alleged $50,000 payment. Star's motion to dismiss the unjust enrichment claim is hereby **DENIED IN PART AND GRANTED IN PART.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

7