# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOSIANE SOUZA DA SILVA SOARES, )
individually and as the Personal )    C.A. No. K19C-12-028 NEP
Representative of the Estate of )
ANTONIO PEREIRA SOARES, deceased, )
      )
      Plaintiff, )
      )
    v. )
      )
CONTINENTAL MOTORS, INC., et al., )
      )
      Defendants. )

## ORDER DENYING CERTIFICATION
## OF INTERLOCUTORY APPEAL

Submitted: January 6, 2022
Decided: January 18, 2022

Defendants Continental Motors, Inc., and Continental Aerospace Technologies GmbH (hereinafter collectively "Defendants") have made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory Opinion and Order of this Court dated December 17, 2021 (hereinafter the "Order"). For the reasons that follow, Defendants' application is **DENIED**.

1. This product liability action stems from the crash of an aircraft (hereinafter the "Aircraft") off the coast of Turks and Caicos Islands (hereinafter "TCI"). The Aircraft was purchased from Defendant Continental Motors, Inc. by a Brazilian company. Antonia Pereira Soares, the decedent (hereinafter "Decedent")—whose representative is suing on his behalf[1]—was an employee of the Brazilian company and tasked to accompany the Aircraft from Kansas to Brazil. During the course of the flight, the

---

[1] Decedent's wife, Plaintiff Josiane Souza Da Silva Soares (hereinafter "Plaintiff"), the Special Administrator of his estate, has brought this action in a representative capacity on behalf of herself, Decedent's two children, and any other individual entitled to recovery by law.

1

Aircraft was to make ten planned stopovers to refuel given the Aircraft's size and flying range. The Aircraft stopped at one of these locations, TCI, for one hour to refuel. Shortly after takeoff from TCI, the Aircraft's engine failed and lost power. A possible cause of the engine failure was engine hose failure and/or detachment. The pilot requested an immediate return to TCI's airport but was unable to land the Aircraft before it crashed. Both Decedent and the pilot, the only two individuals on the plane, were killed. The complaint, asserting the above facts, followed.[2]

2. Subsequently, Defendants brought a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) arguing that TCI's one-year statute of limitations should apply because TCI had the "most significant relationship" with the crash under Delaware's choice-of-law analysis.

3. Upon review of the complaint, and in preparation for oral argument on the motion to dismiss, it appeared to the Court that the complaint provided insufficient information to conduct a choice-of-law analysis, and during oral argument this impression was confirmed, as both parties opined that they had newly-found discovery that would be relevant in this Court's choice-of-law determination: *e.g.,* Defendants noted "the finding of the AIIB—the British entity that investigated the accident—that pilot error caused the accident,"[3] and Plaintiff claimed that "[a]ll the activity relating to the failed or disconnected hose on the engine would have occurred in the United States, likely in Alabama we've come to learn, but none of that happened in [TCI]."[4] The complaint referenced neither of these circumstances.

---

[2] In addition, in the complaint there were a number of competing jurisdictions applicable to a choice-of-law analysis, supported by brief allegations outlining their potential relevance, including: Brazil, where Decedent's family experiences the loss of their father and husband; Germany, where the Aircraft's engine was manufactured and where Defendant Continental Aerospace Technologies GmbH is incorporated; Alabama, where the principal place of business for Defendant Continental Motors, Inc., is located and where the engine was installed; and Delaware, where Defendant Continental Motors, Inc., is incorporated.

[3] *Soares v. Cont'l Motors, Inc.*, 2021 WL 6015701, at *8 n.83 (Del. Super. Dec. 17, 2021) (quoting Oral Arg. Tr. at 24).

[4] *Id.* at *10 n.90 (quoting Oral Arg. Tr. at 43).

4. The Court inquired during oral argument if there was a need to convert the motion to dismiss into a motion for summary judgment, but Defendants stated that the Court could rule "on the papers in front of Your Honor," given their contention that the Restatement's presumption regarding location of injury applies and that the location of injury was not fortuitous.[5] Hence, the Court in its Order considered the fortuity of the location of injury, based upon the pleadings, and left a full-fledged choice-of-law analysis for a future time when the record was sufficiently developed.

5. Supreme Court Rule 42 governs interlocutory appeals from this Court's orders. Under Rule 42, an interlocutory appeal may be certified by this Court only when the appealed decision (1) "decides a substantial issue of material importance that merits appellate review before a final judgment"[6] and (2) meets criteria enumerated in Rule 42(b)(iii).[7] Additionally, before certifying an interlocutory appeal, this Court assesses "the most efficient and just schedule to resolve th[e] case"[8] and "identif[ies] whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[9]

**Rule 42(b)(ii): The Order does not decide a substantial issue of material importance that merits appellate review before a final judgment.**

6. Whether a substantial issue of material importance has been decided is a gatekeeping inquiry[10] that requires the Court to find both (1) "a main question of law [that] relates to the merits of the case, and not to collateral matters"[11] and (2) a legal

---

[5] *Id.* at *3 n.34 (quoting Oral Arg. Tr. at 65).

[6] Supr. Ct. R. 42(b)(i).

[7] *Foraker v. Amazon.com, Inc.*, 2021 WL 22030, at *1 (Del. Super. Jan. 4, 2021) (citing Supr. Ct. R. 42 (b)(iii)).

[8] *In re Asbestos Litig.*, 2015 WL 5692811, at *2 (Del. Super. Sept. 24, 2015) (citing Supr. Ct. R. 42(b)(iii)).

[9] Supr. Ct. R. 42(b)(iii).

[10] *Northrop Grumman Innovation Sys., Inc. v. Zurich Am. Ins. Co.*, 2021 WL 772312, at *3 (Del. Super. Mar. 1, 2021).

[11] *Id.* (quoting *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008)).

right.[12] "A legal right is discernable [sic] when 'one of the parties' rights has been enhanced or diminished as a result of the order.'"[13]

7. There are two "highly undesirable" problems in interlocutory appeals: 1) the fragmentation of the case; and 2) the delay in the final disposition.[14] "[A] ruling on the pleadings generally falls within the same kind of prohibition . . . . [and is] unappealable because it does not establish a legal right between the parties."[15] Thus, "[a] substantial legal issue is not created within the meaning of Rule 42 where this Court merely permits both parties to further develop the factual record in [the] case."[16]

8. Here, the Court finds the determination that TCI, as the location of injury, is fortuitous in nature is a "main question of law that relates to the merits of the case." However, given the state of the record, Defendants have not asserted a legal right.[17] Nonetheless, assuming for the sake of argument that the interlocutory order does raise a legal right, the Court finds the satisfaction of this gatekeeping requirement insufficient to warrant interlocutory review when considered in light of the Court's assessment of the Rule 42(b)(iii) criteria below and the guidance of Rule 42(b)(ii), which provides that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."

---

[12] *Id.* (citing *Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520, 521 (Del. 1969) ("The rule is settled that in the absence of a determination of legal right and substantial issue, an interlocutory order is unappealable."))

[13] *Id.* (quoting In re Cogent, Inc. S'holder Litig., 2010 WL 4146179, at *1 (Del. Ch. Oct. 15, 2010)).

[14] *Levinson v. Conlon*, 385 A.2d 717, 720 (Del. 1978).

[15] *Id.*

[16] *State v. Premier Healthcare Inc.*, 2018 WL 3471848, at *3 (Del. Super. July 17, 2018).

[17] This is because, as the Court made clear in the Order, the possibility that TCI bears the most significant relationship to the case is not foreclosed by the Order and, indeed, may be established by further discovery. *Soares*, 2021 WL 6015701, at *8. Rather, this Court's denial of Defendants' motion to dismiss was based upon the limited summary of facts set forth in the complaint. *See Levinson*, 385 A.2d at 720 (denial of motion asserting statute of limitations defense based on the pleadings did not constitute establishment of legal right between parties for purposes of Rule 42 analysis); *accord Tucker v. Jarman*, 1981 WL 383073, at *1 (Del. Super. Jan. 7, 1981).

4

9.     The Rule 42(b)(iii) factors that the Court will consider in turn below are those that Defendants have argued are relevant to this application.

**Rule 42(b)(iii)(A):  The interlocutory order does not involve a question of law resolved for the first time in this State.**

10.     Defendants concede in their application that *Bell Helicopter Textron, Inc. v. Arteaga*[18] addressed, through an interlocutory appeal, a trial court's decision of "an almost identical issue"[19] or a "very similar issue."[20]  The only question arguably resolved for the first time by the Order was whether the act of refueling an aircraft at one of a number of refueling points takes this case outside the general rule of fortuity for aviation accidents.[21]  Rather than a resolution of a question of law, however, this determination involved the application of a settled legal principle (*i.e.*, the principle of fortuity) to a particular fact pattern.

11.     In this matter, the Court took the principles previously explained by the Delaware Supreme Court regarding the fortuity of tort incidents as set forth in *Bell Helicopter* and *Ison v. E.I. DuPont de Nemours & Co.*[22] and applied them in the Order. Defendants frame the question of law by stating that the Supreme Court "has not addressed the application of a foreign statute of limitations in a case arising from an aviation accident since [1957]."[23]  However, this distinction is not persuasive, as the determinative legal issue in both *Bell Helicopter* and *Ison* was the fortuity of the incident,

---

[18] 113 A.3d 1045 (Del. 2015).
[19] Defendants' Appl. for Certification of Interlocutory Appeal, at 3.
[20] *Id.* at 4.  Defendants argue that the Supreme Court has granted interlocutory review in cases similar to this, *e.g.*, *Bell Helicopter* and *Certain Underwriters at Lloyds, London v. Chemtura Corp.*, 160 A.3d 457, 459 (Del. 2017); however, in neither of those cases was the trial court's analysis confined to the allegations in the pleadings, as it was here in considering the Rule 12(b)(6) motion.
[21] *See Bell Helicopter*, 113 A.3d at 1053 ("Although *Ison* specifically mentioned airplane accidents as an example of fortuitous accidents, the Court clarified that they were only "fortuitous" because the victims have no other connection to the place of the crash.")
[22] 729 A.2d 832 (Del. 1999).
[23] Defendants' Appl. for Certification of Interlocutory Appeal, at 4.

not the particular legal standards—*e.g.*, applicable tort standards or statutes of limitations—involved.

12. In short, this Court denied Defendants' motion, based on the facts presented in the complaint, by applying the "most significant relationship" test, which is, again, a well-settled legal principle in Delaware.[24]

**Rule 42(b)(iii)(B): The decisions of the trial courts are not conflicting upon the question of law in this matter**.

13. Defendant argues that questions of law "remain conflicting" in the trial court's performance of a choice-of-law analysis.[25] As mentioned in the Order, a full-fledged choice-of-law analysis was not appropriate because the record was insufficient, and the Court was bound by the pleadings.[26] Therefore, to the extent that any trial courts' decisions are conflicting in applying the Restatement's choice-of-law analysis, that does not implicate the Order due to its limited scope. In addition, as Defendants point out, *Bell Helicopter* specifically mentioned the potentially conflicting nature of Delaware courts'

---

[24] *See, e.g.*, *Rahaman v. J.C. Penney Corp., Inc.*, 2016 WL 2616375, at *3 (Del. Super. May 4, 2016) (employing the "most significant relationship test" to decide the choice of law issue); *Lee ex rel. Lee v. Choice Hotels Int'l Inc.*, 2006 WL 1148737, at *1 (Del. Super. Ct. Mar. 21, 2006) ("It is well established that Delaware decides choice of law questions based upon the 'most significant relationship test' set forth in Restatement (Second) of Conflict of Laws."); *Burrell v. Astrazeneca LP*, 2010 WL 3706584, at *4 (Del. Super. Sept. 20, 2010) (applying the "most significant relationship" test to determine applicable statute of limitations).

[25] Defendants' Appl. for Certification of Interlocutory Appeal, at 4.

[26] *Soares*, 2021 WL 6015701, at *1, *11 ("Because this Court finds that TCI is a fortuitous location of injury under such analysis, the Court's determination of the applicable law is not ripe for decision. . . . [F]or this Court to determine which location has the most significant relationship with the occurrence and the parties, the Court must possess the facts necessary to analyze each contact. There may be additional facts bearing upon these contacts, some of which counsel referenced during oral argument and that may also be revealed during further discovery, that the Court cannot consider in the context of the current motion.").

conflict-of-law determinations[27] and set out what it considers to be germane considerations within the four contacts,[28] which this Court followed in the Order.[29]

**Rule 42(b)(iii)(C): The question of law does not relate to the constitutionality, construction, or application of a statute of this State that has not been, but should be, settled by this Court**.

14. Defendants support this criterion only with the following statement: "Additionally, the question of law decided in the Order relates to the construction or application of Delaware's borrowing statute, 10 Del. C. § 8121."[30] Although, the Order did apply the borrowing statute, the "construction" and "application" of the statute is well settled under Delaware law. Hence, this criterion does not weigh in favor of certification.

**Rule 42(b)(iii)(G). Whether review of the interlocutory order may terminate the litigation.**

15. Defendants argue that if TCI is found to have the most significant relationship to the case, such a finding would terminate the litigation in light of the statute of limitations. The Court agrees. However, any review of the Order by the Supreme Court would extend only as far as the standard of review below allows. This Court was tasked with considering a choice-of-law issue in the context of a Rule 12(b)(6) motion, *i.e.*, the Court was bound by the allegations in the complaint, which relayed insufficient facts as outlined in the Order. Therefore, the Supreme Court's review of the Order would be similarly restricted with respect to what should be a "fact-intensive" analysis.[31] Hence,

---

[27] 113 A.3d at 1052 n.26.

[28] *See generally id.* at 1053–1058.

[29] *E.g.*, *Soares*, 2021 WL 6015701, at *9 (citing to *Bell Helicopter* for the proposition that the "trend" is to look to the place where the product is marketed when analyzing the second contact).

[30] Defendants' Appl. for Certification of Interlocutory Appeal, at 6.

[31] See *Dow Chem. Co. v. Organik Kimya Holding A.S.*, 2018 WL 2382802, at *6 (Del. Ch. May 25, 2018) ("The 'most significant relationship' test entails a fact-intensive inquiry that often is inappropriate to a motion to dismiss.... It should be apparent that, at this stage of the litigation, the choice-of-law question cannot be answered." (citations omitted)); *see also, e.g.*, *Barrera v. Monsanto* Co., 2016 WL 4938876, at *11 (Del. Super. Sept. 13, 2016) ("The parties have identified Michigan, New York, Texas

this criterion does not weigh in favor of certification.[32]  Moreover, Delaware courts have repeatedly held that the fact that parties must proceed to trial as the result of the trial court's decision is not the basis for an interlocutory appeal.[33]

> **Rule 42(b)(iii)(H):  Review of the interlocutory order will not serve considerations of justice.**

16.  Justice is served when the correct outcome, determined by precedent and a careful analysis of the facts, is reached.  In the Order the Court neither made a final determination, nor precluded a later finding, of the most significant relationship as to the statute of limitations issue, or as to any other legal issue for that matter.  The factual record was not sufficiently developed to perform a full choice-of-law analysis.  *E.g.*, the Court had no information to consider regarding 1) any communications between TCI air-traffic-control personnel and the pilot before the crash; 2) any physical impact to TCI from the crash (*e.g.*, physical damage from the impact or resulting wave activity); 3) TCI's standing as a refueling destination, *i.e.*, how TCI was chosen as a place to refuel, if other

---

and Missouri as jurisdictions that may prove relevant in the choice of law determination, but additional information to properly conduct a 'choice of law' analysis is required.... To date, the choice of law analysis has not been conducted and cannot be made on the limited facts and minimal record before it.").

[32] *Cf. Brunswick Corp. v. Bowl-Mor Co.*, 297 A.2d 67, 70 (Del. 1972) (holding that "the expression of judicial views and impressions, especially those subject to change upon further evaluation of both sides of the case are not judicial decisions and, hence, are not appealable when contained within interlocutory rulings." (internal quotations omitted); *accord Haveg Corp. v. Guyer*, 211 A.2d 910, 913 (Del. 1965) ("But only judicial decisions are appealable—not judicial views and impressions, especially those subject to change upon further evaluation of both sides of the case. . . . If and when the thoughts objected to ripen into a determination of a substantial issue, the review now sought prematurely will be available.").

[33] *Levinson*, 385 A.2d at 720 (holding that the fact that the parties must proceed to trial as the result of a decision "is not a basis for an interlocutory appeal"); *accord Stepak v. Pioneer Texas Corp, No. 6315*, 1982 WL 8775, at \*1 (Del. Ch. July 7, 1982) (finding that when the Court "did not determine an issue essential to the position of the parties regarding the merits of the case . . .[and]  either party may yet prevail at the trial level" there is no legal right for an interlocutory appeal); *Cross v. Hair*, 258 A.2d 277, 278 (Del. 1969) (holding that a decision that finds that a case "is not one to be disposed of summarily and is one for trial" does not constitute an adjudication of a legal right supporting an appeal of such decision).

locations were possible, or if there is anything unique about TCI as a refueling stop; 4) Decedent's interaction with the pilot and what responsibilities Decedent had during the flight beyond merely accompanying the Aircraft to its destination; and (5) whether there was any negligence on the part of the pilot and whether any such negligence contributed to the accident. There is also an insufficient factual record, as set forth in the Order, concerning other jurisdictions' connections with the case. This case needs to be developed through discovery, at which time, as noted in the Order, a motion to determine choice of law, if appropriate, would be ripe for decision. Defendants have already placed the proverbial carriage before the horse by pursuing the motion to dismiss, and any further delay in discovery to build a sufficient record would undermine the "interests of justice."[34]

17. After considering the above factors that Defendants contend weigh in favor of their application, the Court finds that the probable costs of interlocutory review outweigh any benefits of granting certification.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Application for Certification of an Interlocutory Appeal is **DENIED**.

_____
Judge

NEP/wjs
*Via File & ServeXpress*
oc: Prothonotary
cc: Counsel of Record

---

[34] Supr. Ct. R. 42(b)(iii) ("After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal.").

9